UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARK LOUIE, INDIVIDUALLY AND ON BEHALF OF
ALL OTHER EMPLOYEES SIMILARLY SITUATED,

Plaintiff,

- against -

BED BATH AND BEYOND, INC. and STEVEN
TEMARES

Defendants.

Case No.

**COLLECTIVE & CLASS
ACTION COMPLAINT AND
JURY TRIAL DEMAND**

Plaintiff MARK LOUIE, on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendant BED BATH AND BEYOND, INC., and STEVEN TEMARES (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1.     This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff overtime compensation for all hours worked over forty (40) each workweek.

3.      Upon information and belief, Defendants willfully and intentionally misclassified Plaintiff and all other members of the proposed Classes as salaried, exempt employees, at all times in which they worked as Department Manages ("DM").   Defendant's improper classification resulted in the failure to properly compensate its DMs with overtime pay as required under applicable federal law.

4.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants:  (1)  unpaid  overtime  wages,  (2) liquidated  damages, (4) prejudgment  and post-judgment  interest; and (5)  attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from   the   Defendants:   (1)   unpaid   overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or  more  hours,  (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium,  unpaid  overtime  pursuant  to  the  NY  Wage  Theft  Prevention  Act;  (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under  29 U.S.C.  §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

8.    Plaintiff Mark Louie ("Louie") is a resident of Wantagh, NY and was employed by Bed Bath and Beyond Inc. as a DM at Defendant's store located at 1490 Union Turnpike, New Hyde Park, NY 11040 from November 7, 2011 to October 19, 2013.

9.    Plaintiff Louie was employed by Bed Bath and Beyond Inc. as a DM at Defendant's store located at 950 Merchants Concourse, Westbury, NY 11590 from October 22, 2013 to June 25, 2015.

**DEFENDANTS**

10.    Upon information and belief, Defendant, Bed Bath & Beyond, Inc. is a New York corporation, with its principal executive offices at 650 Liberty Avenue, Union, New Jersey 07083.

11.    Upon information and belief, Defendants had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Defendants purchased and handled goods moved in interstate commerce.

12.    Upon information and belief, Defendant Steven Temares is the Chief Executive Officer, owner, director and/or managing agent of Bed Bath and Beyond, Inc., participated in the day-to-day operations of Corporate Defendants' business, acted intentionally and maliciously, and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants. (See Exhibit 2).

13.    At all times relevant herein, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

14.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

15.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages, overtime compensation and spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

16.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

17.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

18.    Plaintiff worked as a DM for the houseware, front-end, bath, bedding, lifestyles and seasonal departments at Bed Bath and Beyond Inc. from November 7, 2011 until June 25, 2015.

19.    The tasks that Plaintiff regularly performed as a DM included but are not limited to: building displays, stocking shelves, assisting customers, scanning prices, filling orders, unpacking boxes, stacking merchandise, cleaning the store, and performing customer service.

20.    Plaintiff's primary duties as a DM did not include: hiring, firing, or disciplining other employees.

21.    Plaintiff's duties as an exempt DM did not differ substantially from the duties of non-exempt hourly paid store employees, which included stocking shelves.

22.     Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

23.     Consistent with Defendants' policy and pattern or practice, Plaintiff regularly worked in excess of 40 hours per workweek without being paid overtime wages.

24.     Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

25.     From November 7, 2011 to October 19, 2013, Plaintiff was hired by Defendants to work as a DM at Defendants store located at 1490 Union Turnpike, New Hyde Park, NY 11040.

26.     Plaintiff worked two closing shifts, from 2 p.m. until 12 a.m., two opening shifts from 7 a.m. until 5 p.m. and one mid shifts from 9 a.m. until 7 p.m.  Plaintiff worked 5 days per week and a minimum of 52 hours per week.  Plaintiff was commonly required to stay past the end of his shifts and would work up to 62 hours per week during a busy season.  On average, Plaintiff worked 55 hours per week.

27.     From November 7, 2011 to October 19, 2013, Plaintiff was hired by Defendants to work as a DM at Defendants store located at 950 Merchants Concourse, Westbury, NY 11590 from October 22, 2013 to January 25, 2015.

28.     Plaintiff worked two closing shifts, from 2 p.m. until 12 a.m., two opening shifts from 7 a.m. until 5 p.m. and one mid shifts from 9 a.m. until 7 p.m.  Plaintiff worked 5 days per week and a minimum 53 hours per week.  In reality, Plaintiff was required to stay past the end of his shifts more often at this location.  Plaintiff would work up to 64 hours per week during a busy season.  On average, Plaintiff worked 57 hours per week at this location.

29.     When Plaintiff was first hired, he was paid an annual salary of approximately $65,000 per year.  By January 2015, Plaintiff was being paid an annual salary of approximately $68,000 per year.  Defendants used this rate to improperly calculate Defendant's first forty seven and a half hours worked.

30.     Defendants paid Plaintiff at what they called their "flexible overtime" rate for any hours worked over 47.5, not over 40.  This rate was not the legally required 1.5 overtime rate.

31.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

32.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

33.     While employed by Defendants, Plaintiff was not actually exempt under federal and state laws requiring employers to pay employees overtime.

34.     Plaintiff and the New York Class Members' workdays frequently lasted longer than 10 hours.

35.     Defendants did not pay Plaintiff and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

36.     Defendants did not provide Plaintiff and other Class members with proper written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff's and other Class members' pay increase(s).

37.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

38.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants as a department manager and other similarly situated current and former employee holding comparable positions but different titles, at any time from July 30, 2012 to the entry of judgment in this case (the "Collective Action Period").

39.     Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and other DMs.

40.     There are many similarly situated current and former Bed Bath and Beyond DMs (and other employees holding comparable positions but different titles) who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This, Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216 (b).

41.     Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

42.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

43.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

44.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

45.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

47.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the

members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

48.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b.  Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d.  Whether the Defendants failed to comply with the notice and record keeping requirements of the FLSA;

e.   Whether the Defendants have a policy of misclassifying DMs as exempt from the coverage of the overtime provisions of the FLSA;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

49.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants Bed Bath and Beyond, Inc. on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

52.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

53.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

54.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the

same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

55.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

56.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by

individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

57.    Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

58.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Defendants failed to pay Plaintiff and Class members the New York overtime rate for all hours worked in excess of 40 hours per week;

c. Whether Defendants maintained a policy, pattern and/or practice of willfully misclassifying Plaintiff and the Class/Collective Action Members as exempt from the requirements of the NYLL;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether the Defendants failed to comply with the notice and record keeping requirements of NYLL §§198(b) and 198(d);

g. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

59.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

61.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

62.    Defendants' failure to pay Plaintiff and the FLSA Collective Action Members their overtime pay violated the FLSA.

63.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff

and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

64.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

65.     Defendants willfully failed to notify Plaintiff and FLSA Collective Action Members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

66.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

67.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

69.     Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

70.     Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

**COUNT III**
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

73.     Defendants' failure to pay Plaintiff and Rule 23 Class spread-of-hours pay was not in good faith.

**COUNT IV**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

74.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

76.     Defendants intentionally failed to provide conforming notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice

in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

77.     Defendants provided deficient notice to each employee at Time of Hire, and failed to provide conforming notice to Plaintiff even after the fact.

78.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V
## [Violation of New York Labor Law—New York Pay Stub Requirement]

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

81.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and provided a deficient and confusing paystub on or after each Plaintiff's payday.

82.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VI
### [Civil Damages for Deceptive Acts and Practices — Violations of New York General Business Law §349 Brought on Behalf of the Plaintiff]

83.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

84.     NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

85.     Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

86.     Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (See Exhibit 3).

### Prayer For Relief

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective Plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules

of Civil Procedure;

c)      Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class counsel;

d)      Certification of this case as a collective action pursuant to FLSA;

e)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)      An injunction against Bed Bath and Beyond, Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)      An award of unpaid overtime wages due under FLSA and New York Labor Law;

i)      An award of unpaid "spread of hours" premium due under the New York Labor Law;

j)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

l)      An award of liquidated and/ or punitive damages as a result of Defendants' willful

failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

m)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)   The cost and disbursements of this action;

o)   An award of prejudgment and post-judgment fees;

p)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York July 29, 2015          HANG & ASSOCIATES, PLLC.

_/S/_ _____
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
_Attorneys for Plaintiff_

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Bed Bath & Beyond Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Mask David Louie*

Full Legal Name (Print)

Signature

7/28/15

Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:   STEVEN TEMARES

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that MARK LOUIE and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of BED BATH AND BEYOND, INC. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: July 29, 2015

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:     BED BATH AND BEYOND, INC.,
         650 Liberty Avenue
         Union, New Jersey 07083

PLEASE TAKE NOTICE, that MARK LOUIE and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: July 29, 2015