UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                              :
MARK LOUIE                                                    :
                                                              :
          - against –                                        :      2:15-cv-04438-LDW-AYS
                                                              :
BED BATH AND BEYOND, INC., et al.                             :
                                                              :
------------------------------------------------------------- x

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

---

Jonathan L. Sulds
**GREENBERG TRAURIG, LLP**
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
suldsj@gtlaw.com
Telephone (212) 801-9200
Facsimile (212) 801-6400

And

Justin F. Keith
**GREENBERG TRAURIG, LLP**
One International Place
Boston, MA 02110
keithj@gtlaw.com
Telelphone: 617-310-6000
Facsimile: 617-310-6001

## TABLE OF CONTENTS

**Page(s)**

I. PRELIMINARY STATEMENT ................................................................................. 1

  A.  Procedural Background ........................................................................................... 1

  B.  Basis for Motion to Dismiss ................................................................................. 2

II. FACTS ALLEGED IN THE COMPLAINT ............................................................... 3

III. ARGUMENT ............................................................................................................. 4

  A.  Motion to Dismiss Standard .................................................................................. 4

  B.  Plaintiff Fails To Allege Facts Sufficient To Raise A Plausible Inference Of An FLSA
Overtime Violation ................................................................................................ 4

    1.  Second Circuit's Pleading Standards for FLSA Overtime Claims ................. 4

    2.  Plaintiff Fails To Identify Any Particular Workweek In Which He Worked
Uncompensated Time For More Than 40 Hours ........................................... 6

    3.  Plaintiff's Allegations That He Was Not Paid For Overtime Hours Worked Is
Insufficient To Raise A Plausible Inference Of An FLSA Overtime Violation ............ 7

    4.  Plaintiff's Pleading Deficiencies are all the More Glaring in Light of the Payments
He Received ................................................................................................... 9

  C.  Count III Must Be Dismissed Because "Spread Of Hours" Pay Does Not Apply To
Employees Making More Than The Minimum Wage ......................................... 10

  D.  Counts IV And V Must Be Dismissed Because BBB Provided The Required Notices
Under The Wage Theft And Prevention Law ..................................................... 11

  E.  Count VI Must Be Dismissed Because Plaintiff Has Not Alleged Consumer-Oriented
Conduct ............................................................................................................... 12

  F.  Plaintiff Fails to State a Claim Upon Which Relief May be Granted Against
Mr. Temares ....................................................................................................... 13

IV. CONCLUSION .......................................................................................................... 17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Ikon Office Solutions, Inc.*,
38 A.D.3d 317, 833 N.Y.S.2d 1 (1st Dep't 2007) ...................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......................................................................................4, 15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................4, 15

*Boutros v. JTC Painting & Decorating Corp.*,
No. 12 Civ. 7576(PAE), 2013 WL 3110943 (S.D.N.Y. June 19, 2013)..............5, 7

*Bravo v. Eastpoint Int'l, Inc.*,
No. 99................................................................................................................15

*Carrabus v. Schneider*,
119 F. Supp. 2d 221 (E.D.N.Y.2000), *aff'd*, 13 F. App'x 33 (2d Cir. 2001) .........12

*Cromwell v. N.Y.C. Health and Hosp. Corp.*,
No. 12 Civ. 4251(PAE), 2013 WL 2099252 (E.D.N.Y. May 15, 2013) .............5, 7

*Dejesus v. HF Mgmt. Servs., LLC*,
726 F.3d 85 (2d Cir. 2013)........................................................................ *passim*

*Desilva v. N Shore-Long Island Jewish Health Sys., Inc.*,
770 F. Supp. 2d. 497 (E.D.N.Y. 2011) ..................................................................4

*Franco v. Ideal Mortg. Bankers, Ltd.*,
No. 07–CV–3956 (JS)(AKT), 2011 WL 317971 (E.D.N.Y. Jan. 28, 2011) ....13, 15

*Ganino v. Citizens Utilities Co.*,
228 F.3d (2nd Cir. 2001) (taking judicial notice of New York Stock Exchange
data which was not attached to the complaint as an exhibit or incorporated by
reference into the complaint) ...............................................................................16

*Gisomme v HealthEx Corp.*,
No. CV 13-2541 (LDW)(WDW), 2014 WL 2041824 (E.D.N.Y. May 15,
2014) ...........................................................................................................5, 7, 8

*Grasso v. Chase Manhattan Bank*,
No. 01 CV. 4371, 2002 WL 575667 (S.D.N.Y. Apr.17, 2002) .............................12

ii

*Herman v. RSR Sec. Serv. Ltd.*,
172 F.3d 132 (2d Cir. 1999)..................................................................13

*Irizzary v. Catsimatidis*,
722 F.3d 99 (2d Cir. 2013)..................................................................14

*James v. Countrywide Fin. Corp.*,
849 F. Supp. 2d 296 (E.D.N.Y. 2012) ................................................7

*Juarez v. Precision Apparel, Inc.*,
No. 12–CV–2349 (ARR)(VMS), 2013 WL 5210142 (E.D.N.Y. Sept. 13,
2013) ..............................................................................................13, 15

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
711 F.3d 106 (2d Cir. 2013)..........................................................*passim*

*Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*,
723 F.3d 192 (2d Cir. 2013)..........................................................*passim*

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
Nos. 11 Civ. 6658 (PAC), 11 Civ. 6657 (PAC), 11 Civ. 6366 (PAC), 2012
WL 3886555 (S.D.N.Y. Sept. 6, 2012).................................................14

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
85 N.Y.2d 20, 647 N.E.2d 741 (1995).................................................12

*Sosnowy v. A. Perri Farms, Inc.*,
764 F. Supp. 2d 457 (E.D.N.Y. 2011) ......................................2, 11, 12

*Spiteri v. Russo*,
No. 12-CV-2780 (MKB)(RLM), 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) ....................8

*Stein v. Guardsmark, LLC*,
No. 12 Civ. 4739(JPO), 2013 WL 3809463 (S.D.N.Y. July 23, 2013) ..................10

*Tracy v. NVR, Inc.*,
667 F. Supp. 2d 244 (W.D.N.Y. 2009) ..........................................14, 15

*Wilk v. VIP Health Care Serv., Inc.*,
No. 10.CV.5530 (ILG)(JMA), 2012 WL 560738 (E.D.N.Y. Feb. 21, 2012) ..................13, 15

*Wills v. Radioshack Corp.*,
981 F. Supp. 2d 245 (S.D.N.Y. 2013)..................................................10

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
853 F. Supp. 2d 290 (E.D.N.Y. 2012) ............................................13, 14

**Statutes**

29 U.S.C. § 201 *et seq.*................................................................................................... *passim*

N.Y. Lab. Law 195-1 ....................................................................................................11

N.Y. Bus. Corp. Law § 630 ....................................................................................15, 16

N.Y. Gen. Bus. Law § 349(a) ...................................................................................3, 12

Section 349 of the New York General Business Law................................................3, 12

**Other Authorities**

29 C.F.R. § 778.114(a) (2011) ........................................................................................9

Fed. R. Civ. P. 12(b)(6)...................................................................................................4

Rule 12(b)(6), Federal Rules of Civil Procedure ....................................................1, 2

# I. PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of Defendants in further support of their Motion to Dismiss the Complaint, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Below, in detail, we set forth why, under well-established law, Plaintiff's allegations in this "overtime" case are defective.

## A.       Procedural Background

On July 29, 2015, Plaintiff Mark Louie ("Plaintiff") filed a Class and Collective Action Complaint ("Complaint") on behalf of himself and all others similarly situated, pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"), alleging that Defendants Bed Bath and Beyond Inc. ("BBB") and its Chief Executive Officer, Steven Temares ("Mr. Temares") (collectively, "Defendants") failed to pay Plaintiff overtime. Plaintiff also alleges BBB failed to make "Spread of Hours" payments and failed to provide him certain statutory notifications in violation of the NYLL. Finally, Plaintiff's complaint asserts Mr. Temeras should be individually liable for the alleged unpaid overtime.

On October 14, 2015, Defendants filed a letter with the Court requesting a pre-motion conference to address their proposed motion to dismiss the Complaint on the grounds that Plaintiffs' boilerplate Complaint failed to state a claim upon which relief could be granted based on, among other things, Plaintiff's failure to comply with the Second Circuit's pleading standards to plausibly state overtime claims under the FLSA as set forth in *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) and its progeny. *See* Docket Entry ("Dkt. Entry") No. 10. On October 21, 2015, Plaintiff filed a response letter, to which Defendants responded on October 28, 2015. *See* Dkt. Entry Nos. 11 and 12.

On December 9, 2015, this Court subsequently issued an order ruling that a pre-motion conference was not required and setting a briefing schedule.

**B.    Basis for Motion to Dismiss**

Defendants now move, pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), to dismiss the Complaint. First, Plaintiff fails to plead sufficient facts necessary to raise a plausible inference of an FLSA or NYLL overtime violation. In particular, Plaintiff fails to identify a single date or workweek in which he worked uncompensated time in excess of 40 hours as required by *Lundy*, 711 F.3d at 114. In addition, other than alleging that he worked an "average" of more than forty hours per week and was not properly compensated — allegations which merely track the statutory language of the FLSA — Plaintiff fails to provide any "factual context [to] 'nudge' their claim[s] 'from conceivable to plausible.'" *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013); *see also Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) ("Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours."). Indeed, the Complaint does not contain any facts about the nature of the overtime work allegedly performed or when such overtime was performed.

Second, Plaintiff's claims under the NYLL's "Spread of Hours" provisions fail as a matter of law because — as the Complaint acknowledges — Plaintiff was paid far in excess of the minimum wage. *See, e.g. Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 474 (E.D.N.Y. 2011) (collecting cases and holding that the "spread-of-hours provision is limited to enhancing compensation of those receiving the minimum wage required by law").

Third, Plaintiff's allegations regarding the provision of certain notices and paystubs are flatly contradicted by the clear documentary evidence, including acknowledgements signed by Plaintiff every year.

Fourth, Plaintiff's claims under Section 349 of the New York General Business Law must be dismissed because Plaintiff has not alleged any consumer-oriented conduct as required under the case law. N.Y. Gen. Bus. Law § 349(a).

Finally, Plaintiff's allegations with respect to Mr. Temares individually are utterly devoid of factual allegations in support of that claim. Rather, the allegations are totally and improperly conclusory. As we establish below, if the allegations here were deemed to pass muster, every public company chief executive would automatically be an overtime claim defendant; and that, most certainly, is not the law.

Accordingly, the Complaint should be dismissed in its entirety.

## II. FACTS ALLEGED IN THE COMPLAINT

Plaintiff Louie, a former Department Manager at BBB stores in New Hyde Park, NY and Westbury, NY brings this collective and class action under the FLSA and NYLL. Plaintiff asserts that Defendants BBB and Mr. Temares were his "employer" and that both Defendants are "jointly and severally liable." *See* Compl. ¶12.

In the Complaint, Plaintiff alleges that, "On average, Plaintiff worked 55 hours per week" (Compl. ¶¶25–26) during unidentified weeks from 2011–2013, and, "On average, Plaintiff worked 57 hours per week" during unidentified weeks from 2013–2015. *See* Compl. ¶¶27–28.

Other than the allegations in paragraphs 25 to 28 of the Complaint, the remaining paragraphs in the Complaint contain nothing more than boilerplate allegations, which — at most — restate the requirements in the applicable statutes. As discussed in detail below, these allegations are insufficient as a matter of law and, therefore, the Complaint should be dismissed in its entirety.

### III. ARGUMENT

**A.      Motion to Dismiss Standard**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must therefore contain more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Moreover, while a court reviewing a Rule 12(b)(6) motion to dismiss must generally deem all allegations of fact in a complaint to be true, this "tenet ... is inapplicable to legal conclusions." *Id*.; *see also Twombly*, 550 U.S. at 555 (explaining that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). A complaint has facial plausibility only if it pleads a "set of facts sufficient to 'raise a right to relief above the speculative level.'" *Desilva v. N Shore-Long Island Jewish Health Sys., Inc*., 770 F. Supp. 2d. 497, 506 (E.D.N.Y. 2011) (*quoting Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt., LLC*, 595 F.3d 86, 91 (2d Cir. 2010)).

**B.      Plaintiff Fails To Allege Facts Sufficient To Raise A Plausible Inference Of An
          FLSA Overtime Violation**

**1.      Second Circuit's Pleading Standards for FLSA Overtime Claims**

Over the past several years, the Second Circuit has issued a series of decisions addressing the adequacy of pleadings in the FLSA overtime compensation context. In *Lundy*, the Second Circuit held that, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 711 F.3d at 114.

The *Lundy* Court also held that the complaint must allege precisely when, or during what time period, the employee worked more than 40 hours and did not receive overtime compensation. *Id.* at 114 (finding no plausible FLSA claim because plaintiffs failed to allege a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours). *See also Cromwell v. N.Y.C. Health and Hosp. Corp.*, No. 12 Civ. 4251(PAE), 2013 WL 2099252, at *4 (E.D.N.Y. May 15, 2013) (dismissing complaint where plaintiffs failed to identify any particular workweek they worked uncompensated time for more than 40 hours); *Boutros v. JTC Painting & Decorating Corp.*, No. 12 Civ. 7576(PAE), 2013 WL 3110943, at *3 (S.D.N.Y. June 19, 2013) (dismissing complaint where plaintiffs failed to identify any particular workweek they worked uncompensated time for more than 40 hours). And, this Court reached a similar conclusion in *Gisomme v HealthEx Corp.*, No. CV 13-2541 (LDW)(WDW), 2014 WL 2041824, *2 (E.D.N.Y. May 15, 2014) (dismissing FLSA claims where "Plaintiff's allegation of an 'average' of 50 hours or more is insufficient to state a claim for failure to pay overtime compensation 'in a given workweek.'").

In *Nakahata,* the Second Circuit found that the plaintiffs failed to state a plausible FLSA overtime claim because they merely alleged that they were not paid for overtime hours worked, but failed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." 723 F.3d at 200.

In *DeJesus*, the Second Circuit, again, found that the plaintiff failed to state a plausible FLSA overtime claim because the complaint merely "tracked the statutory language of FLSA, lifting its numbers and rehashing its formulation, but alleg[ed] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." 726 F.3d at 89. The plaintiff in *DeJesus* merely alleged that in "some or all weeks" she worked more than forty hours a week

and was not properly compensated. *Id.* at 86. The Second Circuit in *DeJesus* ultimately concluded that "*Lundy's* requirement that plaintiffs must allege overtime without compensation in a 'given' workweek, was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks," but instead, requires plaintiffs to provide "complaints with sufficiently developed factual allegations." *Id.* at 90.

These pleading requirements apply with equal force to Plaintiff's claims under the NYLL. *See DeJesus*, 726 F.3d at 89 n.5 ("In light of the fact that the relevant portions of New York Labor Law do not diverge from the requirements of the FLSA, our conclusions below about the FLSA allegations apply equally to [the NYLL] state law claims.") (internal quotation omitted).

### 2. Plaintiff Fails To Identify Any Particular Workweek In Which He Worked Uncompensated Time For More Than 40 Hours

In fact, Plaintiff's complaint here is precisely the sort of formulaic recitation of conclusory allegations which *DeJesus* decries. Despite the pleading standards established in *Lundy*, the Plaintiff fails to identify a single date or workweek within the statute of limitations period where he worked at least 40 hours and also worked uncompensated time in excess of 40 hours. *Lundy*, 711 F.3d at 114 ("[W]e find no plausible claim that FLSA was violated, because Plaintiff has not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours").

While Plaintiff generally alleges that he was employed by Defendants during various time periods between November 2011 and January 2015, Plaintiff fails to allege precisely when, or during what time period, he worked more than 40 hours per week and was not compensated for overtime. *See* Compl. ¶¶25–28.

Thus, based on *Lundy* and the subsequent district court decisions in *Cromwell*, *Boutros*, and *Gisomme*, the Complaint should be dismissed because Plaintiff has failed to identify any particular workweek in which he worked uncompensated time for more than 40 hours. *See* cases cited *supra* pp. 4–5.

### 3.  Plaintiff's Allegations That He Was Not Paid For Overtime Hours Worked Is Insufficient To Raise A Plausible Inference Of An FLSA Overtime Violation

As the Second Circuit held in *Nakahata* and *DeJesus*, Plaintiff's overtime claims cannot survive dismissal based on his assertion that he worked more than forty hours per week and was not properly compensated.  In these governing precedents, the Second Circuit has made absolutely clear that plaintiffs are required to provide "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week" and, likewise, provide "some factual context that will 'nudge' their claim[s] 'from conceivable to plausible.'" *Nakahata*, 723 F.3d at 201; *DeJesus*, 726 F.3d at 90.

Here, other than alleging that he worked an "average" of 55 hours per week (Complaint, ¶26) and an "average" of 57 hours per week over a three plus year period (*Id*. at ¶28), and working a "minimum of 52 hours per week" (*Id*. at ¶26) and "a minimum of 53 hours per week," (*Id*. at ¶28) Plaintiff fails to allege any particular facts sufficient to raise a plausible inference of an FLSA overtime violation. (i.e. which week? what work? how much overtime not compensated?)

Indeed, the Complaint does not contain any facts about the nature of the overtime work allegedly performed, or when such overtime was performed. Under the decided precedent that further failure, alone, calls for dismissal. *See, e.g., James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 323 (E.D.N.Y. 2012) (holding that a plaintiff must plead sufficient facts detailing the type of work performed and the extent of overtime hours to sustain a claim.); *DeSilva,* 770 F.

at 509 ("[I]t is not enough 'to merely allege [ ]' that Plaintiffs worked 'beyond forty hours per week.'" (citations omitted)); *Gisomme,* 2014 WL 2041824, at *2 ("Plaintiff's allegation of an 'average' of 50 hours or more is insufficient to state a claim for failure to pay overtime compensation 'in a given workweek.'").

Moreover, under decided precedent, the Complaint cannot survive dismissal merely because Plaintiff asserts that he worked an "average" of 55 or 57 hours or more per week. In *Spiteri v. Russo*, the district court dismissed plaintiff's FLSA overtime claim finding that plaintiff "only generally alleged" ...that he worked "approximately fifty (50) to [sixty] (60) hours per week" and that "[n]owhere in the Complaint does Plaintiff plead the hours he worked with the specificity required by the Second Circuit." *Spiteri v. Russo*, No. 12-CV-2780 (MKB)(RLM), 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013). Specifically, the district court found that because plaintiff "only plead[] hours in the aggregate," without providing any supporting facts, "the Court cannot determine which hours were not paid and whether any unpaid hours qualif[ied] for overtime payment" and, therefore, plaintiff failed to plausibly plead that he was not paid for overtime hours worked. *Id*. *Spiteri* call for dismissal of the Complaint here.

Further, it is indisputable that Plaintiff's allegations concerning the number of hours he worked are nothing more than "estimates" of "averages." *See DeJesus*, 726 F.3d at 89. Because Plaintiff has failed to identify any particular workweek in which he worked uncompensated time for more than 40 hours, his estimated "averages" of hours worked fail to sufficiently allege a plausible inference of an overtime violation under the FLSA. Thus, the Complaint in this case is no different from the complaint that was dismissed in *DeJesus*, because, other than alleging that he worked more than 55 or 57 hours per week and was not compensated, the pleadings lack sufficient factual context or content to raise a plausible inference of an FLSA or NYLL overtime violation.

**4.** **Plaintiff's Pleading Deficiencies are all the More Glaring in Light of the Payments He Received**

The Second Circuit's overtime-pleading trilogy — *Lundy*, *DeJesus*, *Nakahata*, — is plainly designed to instruct plaintiffs, and District Courts, that cookbook recitations of legal standards for overtime — exactly as here — do not create viable complaints. To the contrary, that pleading trilogy tells litigants and courts that a plaintiff must point to specific, uncompensated overtime actually worked, and when, for a claim not to be dismissed. Plaintiff, as established above, does not do so here and that is all the more glaring because, as the Court is aware from the pre-motion letters (Docket Nos. 10, 11, 12), any overtime Plaintiff could claim was properly compensated using the fluctuating workweek methodology. Thus, if Plaintiff thought he worked any overtime for which he was not compensated, he could not only easily have tracked that, but also he most certainly could have made the allegations required by *Lundy*, *DeJesus*, and *Nakahata*.

The FLSA's fluctuating workweek methodology is set forth in the FLSA's regulations and provides that an employee may be paid a fixed salary that serves as compensation for all hours worked if it is sufficient to compensate the employee for all straight time hours worked at a rate not less than the minimum wage and the employee is paid an additional one-half of the regular rate for all overtime hours. See 29 C.F.R. § 778.114(a) (2011). Under the fluctuating workweek method, the weekly salary constitutes the straight-time compensation for all hours worked, with each overtime hour paid at an additional one-half. Consistent with the regulations, BBB paid Plaintiff overtime compensation for any hours worked over 40, in addition to his guaranteed weekly base salary.

When he was hired, Plaintiff signed an acknowledgment stating that his "weekly compensation consists of two components: (1) a base weekly salary; and (2) an additional

amount for all hours over 40 that I work during a week."[1] The acknowledgement also states that Plaintiff "will be paid this base salary for each week I work, whether or not I work 40 hours in that week" and that "my actual hours worked will fluctuate depending on the needs of my store."

The Complaint utterly ignores this, cavalierly eschewing the facts Plaintiff knows for legally insufficient boilerplate, in the apparent hope of unearned payments. Tellingly, the Complaint does not identify a single workweek where Plaintiff was not paid overtime in accordance with the fluctuating workweek. *Lundy*, *DeJesus*, and *Nakahata* stand as guardians against such tactics, and they call for dismissal of the overtime claim here.[2] Based on the foregoing, Plaintiff fails to allege facts sufficient to raise a plausible inference of an FLSA or NYLL violation.

**C.    Count III Must Be Dismissed Because "Spread Of Hours" Pay Does Not Apply To Employees Making More Than The Minimum Wage**

As the Complaint acknowledges, Plaintiff was paid far in excess of the minimum wage, earning a base salary of at least $65,000 per year. *See* Compl. ¶29. The NYLL's "Spread of Hours" provision requires employers to pay an extra hour's pay to employees on days where they work more than ten (10) hours. However, this requirement only applies to employees who

---

[1] Plaintiff's signed Department Level Manager Compensation acknowledgement dated November 7, 2011 is attached as **Exhibit A** to the Affidavit of Judith Cohen, filed contemporaneously with the Memorandum.

[2] Fluctuating workweek methodology is proper under NYLL. *See Wills v. Radioshack Corp.*, 981 F. Supp. 2d 245 (S.D.N.Y. 2013) (employer's "use of the FWW method to calculate the overtime pay of its nonexempt store managers, such as [plaintiff], violated neither the FLSA nor the NYLL"); *see also Anderson v. Ikon Office Solutions, Inc.*, 38 A.D.3d 317, 833 N.Y.S.2d 1 (1st Dep't 2007) (on motion to dismiss, assessing viability of plaintiff's claim for overtime wages under the NYLL by "consider[ing] whether defendant had established compliance with the federal fluctuating workweek standard"); *Stein v. Guardsmark, LLC*, No. 12 Civ. 4739(JPO), 2013 WL 3809463, *12 (S.D.N.Y. July 23, 2013) (granting employer's motion for summary judgment on both FLSA and NYLL claims where plaintiff was paid pursuant to the fluctuating workweek method).

are compensated at the minimum wage. *See*, *e.g.*, *Sosnowy*, 764 F. Supp. 2d at 474 (collecting cases and holding that the "spread-of-hours" provision only applies to employees earning the minimum wage). *See also* Letter from Jeffrey G. Shapiro, Sr. Attorney, NYS Dep't. of Labor to author (Mar. 16, 2007)(File No. RO-07-0009) (Concluding that spread of hours pay requirements apply only to employees earning minimum wage).[3]

Thus, because, as the Complaint acknowledges, Plaintiff's hourly rate of pay far exceeded the minimum wage, under *Sosnowy* he was not entitled to "Spread of Hours" pay as a matter of law and Count III must be dismissed.

### D.   Counts IV And V Must Be Dismissed Because BBB Provided The Required Notices Under The Wage Theft And Prevention Law

Count IV alleges that BBB failed to provide written notice of Plaintiff's rate of pay as required by Labor Law 195-1. Count V alleges that BBB did not provide a proper pay stub to Plaintiff. As with Plaintiff's other claims, these counts simply ignore the relevant documents and facts. Indeed, in the face of the clear documentary evidence, Plaintiff's conclusory allegations cannot nudge these claims from the theoretical to the plausible.

First, with respect to Count IV, it must be dismissed because Plaintiff not only received a Notice and Acknowledgement of Pay Rate and Payday, he signed not just one acknowledgment stating that he received the notice and that his primary language is English, but signed *annual* acknowledgments in 2011, 2012, 2013, and 2014.[4]

---

[3] A copy of the Department of Labor's Opinion Letter is attached as Exhibit 1.

[4] Copies of Plaintiff's signed Notice and Acknowledgment of Pay Rate and Payday for 2011, 2012, 2013, and 2014 are attached to the Affidavit of Judith Cohen as **Exhibits B**, **C**, **D**, and **E**, respectively.

Second, Count V must be dismissed because BBB provided a detailed pay stub, as well as an insert explaining how to interpret the pay stub in clear terms, using examples to show how Plaintiff could calculate his earnings.[5]

Exhibits B, C, D, E, and F — which are properly before the Court in this motion, as they are integral to the Complaint[6] — show that BBB provided the required pay notice and pay stub to Plaintiff. Accordingly, Counts IV and V must be dismissed.

**E.    Count VI Must Be Dismissed Because Plaintiff Has Not Alleged Consumer-Oriented Conduct**

Section 349 of the New York General Business Law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). The Court of Appeals has held that "plaintiffs claiming the benefit of Section 349 ... must charge conduct of the defendant that is consumer-oriented." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 647 N.E.2d 741, 744 (1995).

Here, Plaintiff makes no allegations whatsoever that his relationship with Defendants was that of a consumer. Rather, as the Complaint makes clear, Plaintiff's claims arise out of his employment relationship with BBB. Because there is no consumer-oriented conduct alleged, Plaintiff's Section 349 claims must be dismissed. *See, e.g., Grasso v. Chase Manhattan Bank*, No. 01 CV. 4371 (AKH), 2002 WL 575667, at *5 (S.D.N.Y. Apr.17, 2002) (allegedly false advertisements seeking prospective employment applicants were not consumer oriented); *Carrabus v. Schneider*, 119 F. Supp. 2d 221, 232 (E.D.N.Y.2000) ("Because plaintiffs do not

---

[5]  A copy of the pay stub provided to Plaintiff is attached as **Exhibit F** to the Affidavit of Judith Cohen.

[6]  *See Sosnowy,* 764 F. Supp. 2d at 475.

allege that the County has sold plaintiffs any goods or services ..., their claim under [§ 349] must fail."), *aff'd*, 13 F. App'x 33 (2d Cir. 2001).

**F.    Plaintiff Fails to State a Claim Upon Which Relief May be Granted Against Mr. Temares**

Under the FLSA, an executive, even a CEO, is not personally liable unless Plaintiff alleges and proves certain facts. Plaintiff here has not done so. Numerous courts have rejected attempts to hold company executives like Mr. Temares individually liable. *See Juarez v. Precision Apparel, Inc.*, No. 12–CV–2349 (ARR)(VMS), 2013 WL 5210142, at *6 (E.D.N.Y. Sept. 13, 2013) ("A defendant's status as CEO does not, in itself, qualify a defendant as an employer under the FLSA."); *Wilk v. VIP Health Care Serv., Inc.*, No. 10.CV.5530 (ILG)(JMA), 2012 WL 560738, at *7 (E.D.N.Y. Feb. 21, 2012) (finding that, to qualify as an "employer" under the FLSA, CEO needed to also satisfy the "economic-reality" test by possessing the ability to hire and fire employees, etc.); *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07–CV–3956 (JS)(AKT), 2011 WL 317971, at *7 (E.D.N.Y. Jan. 28, 2011) (denying summary judgment in favor of plaintiffs as to liability of CEO under the FLSA because plaintiffs failed to demonstrate that he exercised the required degree of control over the defendant company).

To state a claim for a violation of the FLSA, Plaintiff must adequately plead that: (1) Plaintiff was employed by Defendants; (2) Defendants are engaged in commerce; and (3) Defendants failed to pay Plaintiff for compensable hours worked. 29 U.S.C. § 207(a)(l). The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).[7] The definition of "employ" under the

---

[7] Courts have applied the same analysis to determine if an entity or individual is an "employer" under the FLSA as NYLL. *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 296 n.4 (E.D.N.Y. 2012) ("The standards by which a court determines whether an entity is an 'employer' under the FLSA also govern the determination under New York labor law.") (citations omitted).

FLSA "includes to suffer or permit to work." *Id*. An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Serv. Ltd*., 172 F.3d 132, 139 (2d Cir. 1999). The courts look to the "economic reality" of the relationship instead of the common-law concept of agency. *Wolman v. Catholic Health Sys. of Long Island*, 853 F. Supp. 2d 290, 297 (E.D.N.Y. 2012).

Under the "economic reality" test, courts consider "whether the alleged employer (1) had the power to hire and fire the employees (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. (*citing Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).

To be held liable under the FLSA, an individual defendant must be an employer. "Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status. Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to plaintiffs employment." *Irizzary v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature of conditions of the employee's employment." *Id.* at 110. *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc*., Nos. 11 Civ. 6658 (PAC), 11 Civ. 6657 (PAC), 11 Civ. 6366 (PAC), 2012 WL 3886555, at *12 (S.D.N.Y. Sept. 6, 2012) (Courts routinely dismiss FLSA claims against individuals where the allegations are "nothing more than conclusory allegations designed to satisfy the economic reality test.") (*quoting Sampson v. MediSys Health Network*, *Inc.*, No. CV 10–1342 (SJF)(ARL), 2012 WL 3027850, at *15–16 (E.D.N.Y. Feb. 9, 2012); *see also Tracy v. NVR, Inc*., 667 F. Supp. 2d 244 (W.D.N.Y. 2009) (plaintiffs failed to allege

sufficient operational control by the executives targeted and the conclusory allegations concerning the executives' level of control over work schedules, conditions of employment, and compensation were "mere boilerplate allegations" that offered no supporting details and were "essentially a 'formulaic recitation of the elements of a cause of action' ...insufficient to raise plaintiffs' right to relief above a speculative level.').

Here, Plaintiff's allegations regarding Defendant Temares fall colossally short of even a formulaic recitation of various prongs of the economic reality test. Indeed, Plaintiff does not allege *any* supporting facts or details. *See* Compl. ¶12. To the contrary, Plaintiff alleges that Defendant Temares "participated in the day-to-day operations of Corporate Defendants' business, acted intentionally and maliciously, and is an employer pursuant to FLSA [sic]." *See* Compl. ¶12. There are no facts alleged. And more importantly, Plaintiff fails to allege that Defendant Temares controlled his work. *See Bravo v. Eastpoint Int'l, Inc.*, No. 99 CV 9474 (WK), 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) (dismissing claim against fashion designer Donna Karan as employer under the FLSA because plaintiffs only alleged her status as the owner and chairperson of employer company and failed to allege facts establishing her power to control the plaintiff workers).

Further, Plaintiff fails to allege that Defendant Temares ever had any direct contact with him. The boilerplate allegations made by Plaintiff do not allow the court to infer anything more than there "mere possibility" of employer status, which is insufficient under *Iqbal* and *Twombly*. Accordingly, under *Bravo*, *Juarez*, *Wilk*, *Franco*, and *Tracy supra*, this allegation must be dismissed.

Finally, although not alleged with any degree of precision in the Complaint, to the extent that Plaintiff is attempting to hold Mr. Temares liable under Section 630 of the New York

Business Corporation Law, that too must fail. Defendant BBB is a publicly-traded company[8] and

therefore not covered by that law, which only applies to companies "no shares of which are listed

on a national securities exchange." N.Y. Bus. Corp. Law § 630.

Accordingly, Plaintiff's claims against Defendant Temares must be dismissed.

---

[8] The Court can take judicial notice of the fact that BBB is a publicly-traded company. *See Ganino v. Citizens Utilities Co.*, 228 F.3d at 167 n. 8 (2nd Cir. 2001) (taking judicial notice of New York Stock Exchange data which was not attached to the complaint as an exhibit or incorporated by reference into the complaint). The Court can take judicial notice of the following facts contained in BBB's Form 10-K for the fiscal year ending February 28, 2015 (attached as Exhibit G to the Affidavit of Judith Cohen):

- BBB is a publicly-traded company, trading on the NASDAQ National Market System under the symbol BBBY (Ex. G, p. 19)

- As of February 28, 2015, BBB employed tens of thousands of employees in full-time and part-time positions (Ex. G, p. 8)

- BBB operates 1,019 BBB stores in all 50 states, the District of Columbia, Puerto Rico and Canada (Ex. G, p. 8)

- Mr. Temares serves as BBB's Chief Executive Officer (Ex. G, p. 11)

**IV. CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that the Court grant their

Motion to Dismiss the Complaint along with such other and further relief as the Court deems just

and proper.


Date:   January 15, 2016
        New York, New York


                                          GREENBERG TRAURIG, LLP


                                          /s/ Jonathan L. Sulds
                                          Jonathan L. Sulds (suldsj@gtlaw.com)
                                          GREENBERG TRAURIG, LLP
                                          MetLife Building
                                          200 Park Avenue, 34th Floor
                                          New York, New York 10166
                                          Telephone (212) 801-9200
                                          Facsimile (212) 801-6400

                                          And

                                          Justin F. Keith
                                          GREENBERG TRAURIG, LLP
                                          One International Place
                                          Boston, MA 02110
                                          keithj@gtlaw.com
                                          Telelphone: 617-310-6000
                                          Facsimile: 617-310-6001

                                          *Attorneys for Defendants*
                                          *Bed Bath and Beyond Inc. and Steven*
                                          *H. Temares*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARK LOUIE,                                    :
                                               :     1:15-cv-04438
                                  Plaintiff,   :
                                               :
                   -against-                   :
                                               :
BED BATH & BEYOND, INC., and                   :
STEVEN H. TEMARES                              :
                                               :
                                  Defendants.  :
-------------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 15, 2016 a true copy of the above document was served upon the attorney of record for each other party by email and overnight delivery.

Dated: January 15, 2016
       New York, New York

                              Respectfully submitted,

                              /s/ Jonathan L. Sulds
                              Jonathan L. Sulds (suldsj@gtlaw.com)
                              GREENBERG TRAURIG, LLP
                              MetLife Building
                              200 Park Avenue, 34th Floor
                              New York, New York 10166
                              Telephone (212) 801-9200
                              Facsimile (212) 801-6400
                              *Attorneys for Defendants*
                              *Bed Bath & Beyond Inc. and Steven H. Temares*

18

# EXHIBIT 1



Eliot M. Spitzer, **Governor**

Put us to work for you

March 16, 2007

**VIA FAX AND MAIL**



Re: Request for Opinion
    Minimum Wage/Spread of Hours
    File No. RO-07-0009

Dear 

I have been asked to respond to your letters of January 24, 2007 and March 1, 2007, to Commissioner M. Patricia Smith, in which you ask for review of an allegedly erroneous opinion letter dated November 21, 2003.  You ask whether this opinion letter represents the "true and accurate opinion" of the Department of Labor, and if not, that a retraction be issued.  You also ask for a recalculation of the total wages due and owing under the fact pattern given in such opinion letter.  After extensively reviewing this matter, it is the Commissioner's opinion that while your concerns are understandable, the November 21, 2003 opinion letter (hereinafter referred to as "letter") was not intended to, and does not, have any relevance to interpretations of the overtime regulation set forth in 12 NYCRR §142-2.2 and does not contradict that regulation or any applicable case law.

Your concerns arise, in large part, from the letter's mixing of apples and oranges.  The letter states that it was intended to provide an opinion "relating to whether an employee qualifies for the spread-of-hours pay pursuant to Title 12 NYCRR Part 142."  The letter attempts to answer questions about 12 NYCRR §142-2.4 ("spread of hours"), but includes references to 12 NYCRR §142-2.2 (overtime), without sufficiently distinguishing between the two.  To compound the confusion, the letter incorrectly applies the spread of hours regulation.

As explained in detail in the attached opinion letter of April 12, 2006, 12 NYCRR §142-2.4, the subject of the November 21, 2003 letter, requires that on any day that an employee works a "spread of hours" (as defined in 12 NYCRR §142-2.18) he must be paid *at a minimum*: the minimum wage for such hours together with an additional hour of pay at the minimum wage. If, however, the employee's regular wages for those hours worked is equal to or greater than this "spread of hours pay," no additional wages need be paid.

Nothing in 12 NYCRR §142-2.4 affects or contradicts the requirements of 12 NYCRR §142-2.2, which you correctly describe as stating that when an employee works more that 40 hours in any week, each hour worked in excess of forty must be paid at the rate of one and one

half times the employee's regular rate of pay (this correct description being given in footnote 2 of the November 21, 2003 letter).

A major cause of the present confusion arises from the fact that while the determination of whether "spread of hours pay" is due is made on a *daily* basis, overtime pay is calculated *weekly*.  As the November 21, 2003 letter attempts to determine, on a weekly basis, whether spread of hours pay is due, the letter is understandably confusing.

In your March 1 letter, you ask the Commissioner to "calculate minimum total wages due (overtime plus base pay)" under applicable law, "and compare the result to the total of base pay + overtime in the 2003 letter," using the fact pattern in the letter.  This calculation will be provided below, together with a second calculation for any daily spread of hours pay based upon 12 NYCRR §142-2.4.

In that fact pattern, the employee worked six days per week, twelve hours per day at a regular rate of $8.00 per hour.  Applying 12 NYCRR §142-2.2, the employee should receive forty hours of pay at his regular rate ($8.00 x 40 = $320.00) together with thirty-two hours of pay at one and one half times his regular rate ($12.00 x 32 = $384.00) for a total due and owing of $704.00.

As an aside, it should be noted that this calculation applies only to an employee not covered by one of the exemptions set forth in §§7 or 13 of the FLSA.  According to 12 NYCRR §142-2.2, an FLSA exempted employee is paid overtime, in New York, at a rate of one and one half times the minimum wage ($7.725 in 2003).  Using the above fact pattern, an FLSA exempt employee should be paid for forty hours at his regular rate ($320.00) plus overtime wages of $247.20 ($7.725 x 32) for a total of $567.20.

Applying the same fact pattern to 12 NYCRR §142-2.4, we see that on a day in which an employee works a spread of twelve hours, he must be paid at least $66.95 for that day ($5.15 x 12 + $5.15).  As this hypothetical employee's regular daily wage is greater than that amount ($8.00 x 12 =$72.00) (12 NYCRR §142-2.2 applying only to *weekly* wages and therefore being irrelevant to the determination of whether the *daily* spread of hours pay is due), his employer is not required to pay any additional "spread of hours pay."

The confusion caused by the November 21, 2003 letter arises from adding calculations of wages due at the minimum wage (in an attempt to determine whether spread of hours wages were due) to calculations of overtime wages at one and one half times the employee's regular rate (in an attempt to make such determination on a weekly, rather than daily, basis); then adding spread of hours wages even though the amount of the employee's daily wages at his regular rate negated any application of the spread of hours regulation.

In short, the opinions expressed in the November 21, 2003 opinion letter, while erroneously calculating the "spread of hours pay" required by 12 NYCRR §142-2.4, was never intended to interpret 12 NYCRR §142-2.2, and never has been used by the Department, and never should have been, or should be, used in any way, by any person, to interpret overtime wages under the latter regulation.  Your letters of January 24, 2007 and March 1, 2007 correctly

describe the regulations and case law applicable to the payment of overtime wages in the State of New York.  Please be assured that the Department of Labor has consistently applied such regulations and case law ever since the *Raymus* decision was handed down in 1984.

This opinion is based upon the information provided in your letters of January 24, 2007 and March 1, 2007.  A different opinion might result if any facts provided have been inaccurately stated, or if there are other relevant facts which have not been disclosed.  If you have any further questions, please feel free to contact me.

Very truly yours,

Jeffrey G. Shapiro
Senior Attorney

JGS:dmm

cc:  Carmine Ruberto