UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
MARK LOUIE                                                         :
                                                                   :
                                                                   :
            - against –                                            :   2:15-cv-04438-LDW-AYS
                                                                   :
BED BATH AND BEYOND, INC., et al.                                  :
                                                                   :
------------------------------------------------------------------ x

---

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

---

Jonathan L. Sulds
**GREENBERG TRAURIG, LLP**
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
suldsj@gtlaw.com
Telephone (212) 801-9200
Facsimile (212) 801-6400

And

Justin F. Keith
**GREENBERG TRAURIG, LLP**
One International Place
Boston, MA 02110
keithj@gtlaw.com
Telephone: 617-310-6000
Facsimile: 617-310-6001

**TABLE OF CONTENTS**

Page(s)

I. PRELIMINARY STATEMENT ................................................................................................1

II. PLAINTIFF'S OPPOSITION ................................................................................................... 1

III. ARGUMENT ............................................................................................................................ 2

    A. Plaintiff Has Abandoned All Counts Against Mr. Temares and Counts III and VI against BBB. ........................................................................................................2

    B. The Complaint Does Not Meet the Second Circuit's Pleading Requirements for Overtime Claims. ....................................................................................................2

        1. The Authority Relied On in the Opposition Cannot Save the Complaint from Dismissal................................................................................................... 3

        2. The Complaint and Opposition Ignore the Fact of Plaintiff's Overtime Payments, Relying Instead on Legally-Insufficient Boilerplate. ...................................... 5

    C. Plaintiff Cannot Rely on Conclusory Allegations to Avoid Dismissal of Counts IV and V. ..........................................................................................................................5

    D. The Opposition's Fluctuating Workweek Arguments Are Premature and Wrong. .............6

        1. Plaintiff's Substantive Challenge to the Fluctuating Workweek Is Not Proper Here..... 6

        2. The Complaint Does Not Allege A Violation of the Fluctuating Workweek Methodology. ................................................................................................. 7

        3. The Opposition Mischaracterizes BBB's Pay Practices. ............................................... 7

IV. CONCLUSION ......................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Barsoumian v. Williams*,
 29 F. Supp. 3d 303 (W.D.N.Y. 2014) ................................................................................... 2

*Costello v. Home Depot USA, Inc.*,
 944 F. Supp. 2d 199 (D. Conn. 2013) ................................................................................ 8, 9

*Dejesus v. HF Mgmt. Servs., LLC*,
 726 F.3d 85 (2d Cir. 2013) ............................................................................................ *passim*

*Di Simone v. CN Plumbing, Inc.*,
 No. 13–CV–5088, 2014 WL 1281728 (E.D.N.Y Mar. 31, 2014) ........................................... 3

*DiFolco v. MSNBC Cable L.L.C.*,
 622 F.3d 104 (2d Cir. 2010) ................................................................................................. 5

*Dineen v. Stramka*,
 228 F. Supp. 2d 447 (S.D.N.Y. 2002) .................................................................................. 2

*Gisomme v HealthEx Corp.*,
 No. CV 13-2541 (LDW)(WDW), 2014 WL 2041824 (E.D.N.Y. May 15,
 2014) ............................................................................................................................. *passim*

*Gorfinkel v. Ralf Vayntrub Invar Consulting LTD.*,
 13–CV–3093 (PKC), 2014 WL 4175914 (E.D.N.Y. Aug. 20, 2014) ..................................... 2

*Hasan v. GPM Investments, LLC*,
 896 F. Supp. 2d 145 (D. Conn. 2012) ................................................................................ 8, 9

*Leon v. Port Washington Union Free Sch. Dist.*,
 49 F. Supp. 3d 353, (E.D.N.Y. 2014) ................................................................................ 3, 5

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
 711 F.3d 106 (2d Cir. 2013) ......................................................................................... *passim*

*Mendez v. U.S. Nonwovens Corp.*,
 2 F. Supp. 3d 442, (E.D.N.Y. 2014) ..................................................................................... 3

*Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*,
 723 F.3d 192 (2d Cir. 2013) ......................................................................................... *passim*

*O'Neill v. Mermaid Touring Inc.*,
    968 F. Supp. 2d 572 (S.D.N.Y. 2013) ................................................................................8

*Perry v. City of New York*,
    No. 13 Civ. 1015(JMF), 2013 WL 6641893 (S.D.N.Y. Dec. 17, 2013) ....................................3

*Serrano v. I. Hardware Distributors, Inc.*,
    No. 14–cv–2488 (PAC), 2015 WL 4528170, *3 (S.D.N.Y. Jul. 27, 2015) .....................................4

*Sosnowy v. A. Perri Farms, Inc.*,
    764 F. Supp. 2d 457 (E.D.N.Y. 2011) ................................................................................5

*Spiteri v. Russo*,
    No. 12-CV-2780 (MKB)(RLM), 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) ........................4

*Stein v. Guardsmark, LLC*,
    No. 12-4739(JPO), 2013 WL 3809463 (S.D.N.Y. July 23, 2013) ............................................8

*Taylor v. City of New York*,
    269 F. Supp. 2d 68 (E.D.N.Y. 2003) ................................................................................2

**Statutes**

29 U.S.C. § 201 *et seq.* ................................................................................................... *passim*

N.Y. Gen. Bus. Law § 349(a) ................................................................................................1

**Other Authorities**

29 C.F.R. § 778.114(a) (2011) ................................................................................................4

Fed. R. Civ. P. 12(b)(6) ................................................................................................1

iii

## I. PRELIMINARY STATEMENT

This Reply Memorandum is respectfully submitted on behalf of Defendants Bed Bath and Beyond Inc. ("BBB") and its Chief Executive Officer, Steven Temares ("Mr. Temares") (collectively, "Defendants") in further support of their Motion to Dismiss the Complaint, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. We established in our Motion to Dismiss why, under well-established law, Plaintiff's allegations in this "overtime" case are defective as to all counts against both BBB and Mr. Temares. Here, we demonstrate that Plaintiff has no answer. Instead, Plaintiff utterly fails to respond to our showing that Mr. Temares was improperly named as a defendant. Further, Plaintiff also says nothing about two of the remaining six counts. Plaintiff's deafening silence concedes that all of these allegations are meritless, should never have been brought, and should be dismissed. And then, seeking to deflect focus from this Court's crystal-clear decision in *Gisomme* and the Second Circuit's governing law in *Lundy*, *DeJesus*, and *Nakahata*, all of which label Plaintiff's allegations about overtime as completely deficient pleadings, Plaintiff seeks to muddy the waters, making impermissible, and plainly wrong, factual arguments about BBB's use of the fluctuating workweek. Not only is that not before the Court as we did not raise it in our Motion to Dismiss, but there are no allegations in the Complaint involved. Accordingly, the Complaint should be dismissed in its entirety with prejudice.

## II. PLAINTIFF'S OPPOSITION

Plaintiff makes no statement opposing Defendants' motion to dismiss Count III (Spread of Hours pay) or Count VI (New York General Business Law §349). Plaintiff submitted no opposition with respect to any of the claims against Mr. Temares.

1

# III. ARGUMENT

### A. Plaintiff Has Abandoned All Counts Against Mr. Temares and Counts III and VI against BBB.

The Opposition makes no attempt to justify—or even mention—Counts III, VI, and all counts against Mr. Temares. *See* Opposition pp. 1–16. Accordingly, Plaintiff has conceded these claims should be dismissed. By abandoning these counts, Plaintiff has also waived his right to replead Counts III and VI, as well as any allegations against Mr. Temares. *See, e.g.*, *Gorfinkel v. Ralf Vayntrub Invar Consulting LTD.*, 13–CV–3093 (PKC), 2014 WL 4175914, at *4 (E.D.N.Y. Aug. 20, 2014) (by failing to oppose motion to dismiss against certain named defendants, "Plaintiff has waived any opposition with respect to this argument" and has "abandoned" those claims.) *See also Barsoumian v. Williams*, 29 F. Supp. 3d. 303, 323 (W.D.N.Y. 2014) (failure to oppose a portion of a motion to dismiss results in abandonment of claim and dismissal with prejudice); *Dineen v. Stramka*, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002) (finding that plaintiff's failure to address claims in opposition papers "enable[es] the Court to conclude that [plaintiff] has abandoned them"); *cf. Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way.")

### B. The Complaint Does Not Meet the Second Circuit's Pleading Requirements for Overtime Claims.

Plaintiff's attempt to ignore the binding effect of the Second Circuit's pleading trilogy of *Lundy*, *DeJesus*, and *Nakahata* fails for two important reasons. First, the complaints in the four district court decisions relied on in the Opposition contained substantially more detailed factual allegations in support of their overtime claims than Plaintiff's Complaint. Second, Plaintiff's

2

failure to meet the applicable pleading standards is particularly remarkable in light of the fact that Plaintiff was paid overtime.

### 1. The Authority Relied On in the Opposition Cannot Save the Complaint from Dismissal.

The four district court decisions relied on by the Opposition all involve complaints with more factually-detailed allegations than the Complaint here. In *Perry v. City of New York*, No. 13 Civ. 1015(JMF), 2013 WL 6641893, at *1 (S.D.N.Y. Dec. 17, 2013), the plaintiffs made specific allegations about the overtime tasks they performed but were not compensated for, including: checking in with supervisors about daily assignments, gathering medical equipment required for each assignment, donning uniforms, gathering protective equipment they were required to carry while on duty, exchanging information and equipment with individuals on outgoing shifts, completing reports, preparing materials for training classes, obtaining equipment from lockers, conducting briefings with outgoing employees, obtaining information about units that were currently on call, planning and researching inspection routes, and coordinating with other fire inspectors assigned to their group.

In *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 456–57 (E.D.N.Y. 2014), the plaintiffs alleged specific facts about the frequency and length of uncompensated nighttime shifts. In *Di Simone v. CN Plumbing, Inc.*, No. 13–CV–5088, 2014 WL 1281728, at *4–5 (E.D.N.Y Mar. 31, 2014), plaintiff's complaint identified specific projects he worked on and the approximate dates he worked uncompensated overtime on those projects. And, in *Leon v. Port Washington Union Free Sch. Dist.*, 49 F. Supp. 3d 353, 357–58 (E.D.N.Y. 2014), the plaintiff alleged the number of overtime hours worked each week, including specific allegations about when those hours were worked, as well as the frequency with which she took a bona-fide uncompensated meal period.

3

Here, other than alleging that he worked an "average" of 55 hours per week (Complaint, ¶26) and an "average" of 57 hours per week over a three plus year period (*Id*. at ¶28), and working a "minimum of 52 hours per week" (*Id*. at ¶26) and "a minimum of 53 hours per week," (*Id*. at ¶28) Plaintiff fails to allege any particular facts sufficient to raise a plausible inference of an FLSA overtime violation. Indeed, the Complaint does not contain any facts about the nature of the overtime work allegedly performed, or when such overtime was performed.

As set forth in our initial brief, these threadbare allegations do not satisfy the Second Circuit's well-established pleading requirements for overtime cases. *See Lundy v. Catholic Health Sys. of Long Island Inc*., 711 F.3d 106, 114 (2d Cir. 2013); *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013).

In contrast to the distict court decisions cited in the Oppostion—which involved complaints with considerably more detailed allegations—the authority cited by Defendants (including this Court's decision in *Gisomme v HealthEx Corp*.) teaches that formulatic boilerplate allegations are insufficient. *See  Gisomme v HealthEx Corp.*, No. CV 13-2541 (LDW)(WDW), 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (recently cited with approval in *Serrano v. I. Hardware Distributors, Inc.*, No. 14–cv–2488 (PAC), 2015 WL 4528170, *3 (S.D.N.Y. Jul. 27, 2015)); *Spiteri v. Russo*, No. 12-CV-2780 (MKB)(RLM), 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013). As *Gisomme* properly holds, if a complaint does not allege facts sufficient to notify a defendant "when or for how many hours plaintiffs allegedly worked" overtime but was not properly compensated, it fails. And these words are directly applicable to Plaintiff's lack of factual allegations here.

4

### 2. The Complaint and Opposition Ignore the Fact of Plaintiff's Overtime Payments, Relying Instead on Legally-Insufficient Boilerplate.

Plaintiff's pleading failure is all the more so in violation of *Lundy* and its progeny because, unlike the plaintiffs in the cases discussed above, Plaintiff was paid overtime, and the overtime pay was reported on his pay records.[1] If Plaintiff believed he was not properly paid overtime in any particular workweek, he could certainly have identified the alleged deficiencies in the overtime payments made. His failure to simply look at his pay statements and make concrete allegations tied to the actual numbers is inexplicable, and dooms his complaint under the Second Circuit's pleading trilogy. *Compare Leon*, 49 F. Supp. 3d. at 356.

### C. Plaintiff Cannot Rely on Conclusory Allegations to Avoid Dismissal of Counts IV and V.

Plaintiff's argument against dismissal of Count IV (Time of Hire Wage Notice Requirement) and Count V (New York Pay Stub Requirement) is that the Court should not consider the wage notices and pay stubs that were provided to Plaintiff. But the Court can properly consider these documents, as they are integral to the Complaint.[2] Plaintiff cannot avoid dismissal of these claims by asking the Court to ignore the documents.

---

[1] For example, in Plaintiff's earnings statement for the period ending December 11, 2011 (Exhibit B to Defendant's Letter Requesting Premotion Conference, Dkt. Entry No. 10), Plaintiff was paid $233.76 in overtime pay.

[2] In an attempt at heads I win, tails you lose, Plaintiff strenuously objects to the Court's consideration of his pay documents, but cites no caselaw on point, offering instead only the uncontroversial proposition that motions to dismiss are generally limited to the allegations in the complaint. *See* Opposition at pp. 10–11. But that is an incomplete statement of the law. In assessing a motion to dismiss, the Court can consider Plaintiff's compensation acknowledgment, as well as his pay records, as they are integral to his Complaint. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("Where a document is not incorporated by reference, the court may [nevertheless] consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document integral to the complaint."); *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 476–77 (E.D.N.Y. 2011) (considering plaintiff's pay records on motion to dismiss).

**D.      The Opposition's Fluctuating Workweek Arguments Are Premature and Wrong.**

Unwilling to specify when or for how many hours Plaintiff allegedly worked overtime without proper compensation by complaint, and unable to distinguish *Gisomme* or the *Lundy* trilogy, Plaintiff's Opposition resorts to arguing an issue not before this Court on the basis of inaccurate assertions of fact.

**1.      Plaintiff's Substantive Challenge to the Fluctuating Workweek Is Not Proper Here.**

We respond briefly, simply to show how far off base Plaintiff is. The central point is that because Plaintiff's pleading is defective, it should be dismissed. Whether BBB's use of the fluctuating workweek to compensate Plaintiff was permissible under the FLSA is not ripe for adjudication at this time. In their Motion to Dismiss, BBB did not ask the Court to analyze BBB's pay practices and render judgment on the use of the FLSA's fluctuating workweek. Rather, BBB pointed out that, because any overtime Plaintiff could claim was properly compensated using the fluctuating workweek methodology, if Plaintiff thought he worked any overtime for which he was not compensated, he could not only easily have tracked that, but just as easily made the allegations required by *Lundy*, *DeJesus*, and *Nakahata*. *See* Defendants' Memorandum in Support of Motion to Dismiss at pp. 4–10.

Indeed, BBB specifically did not move with respect to the fluctuating workweek because if it had, Plaintiff would surely have contended that issues like the clear mutual understanding prong of fluctuating workweek analysis require discovery. Because the fluctuating workweek is an affirmative defense, BBB did not put it at issue in its Motion to Dismiss.

6

### 2. The Complaint Does Not Allege A Violation of the Fluctuating Workweek Methodology.

Thus, while the propriety of BBB's payment of overtime to Plaintiff pursuant to the fluctuating workweek is not before the Court on this Motion to Dismiss, the Opposition makes factual arguments with respect to four of the five elements of the fluctuating workweek's requirements. ***But not a single one of these claimed deficiencies is alleged in the Complaint, and the facts recited are wrong in any event***. First, the Complaint says nothing whatsoever about the fluctuating workweek. The Complaint does not cite the applicable regulations or even use the phrase "fluctuating workweek." It does not even recite the elements of a fluctuating workweek arrangement, let alone allege ***any*** facts to establish that BBB's use of the fluctuating workweek was improper. Indeed, the only thing the Complaint says about overtime is that "Defendants paid Plaintiff what they called their "flexible overtime" rate for any hours worked over 47.5, not over 40. This rate was not the legally required 1.5 overtime rate." *See* Compl. ¶30. This is plainly insufficient to state a plausible claim that BBB's payment of overtime was not permitted by the FLSA.

### 3. The Opposition Mischaracterizes BBB's Pay Practices.

Second, Plaintiff's fact-based assertions regarding the fluctuating workweek are either contradicted by the documentary evidence or unsupported by the caselaw.

First, the Opposition states that BBB only compensated Plaintiff for 47.5 hours of regular time per week and not for "all hours worked." As set forth in Plaintiff's Department Level Manager Compensation acknowledgement[3], attached to the Cohen's affidavit to show that Plaintiff's allegations concerning Counts IV and V cannot stand, but which incidentally also

---

[3] Exhibit A to the Cohen Affidavit.

contradicts Plaintiff's statements by Brief concerning fluctuating workweek, Plaintiff's "base weekly salary is compensation for all hours I work in a week" and he also received "an additional amount for all hours over 40 that I work in a week." Plaintiff offers no support for his assertion, which is contradicted by the clear documentary evidence.

Second, the Opposition asserts that there was no "clear mutual understanding" that Plaintiff would be paid a fixed weekly salary for all hours worked regardless of the actual amount worked. In support of this claim, Plaintiff proclaims that his "understanding" of BBB's policy was that his salary was compensation for 47.5 hours, despite the fact that his Department Level Manager Compensation acknowledgement is crystal-clear that his "base weekly salary is compensation for *all* hours I work in a week." (Emphasis added).[4]

Third, the Opposition states that "Courts in the Second Circuit have adopted the position that the FWW method may be used only where the employee's hours actually fluctuate above and below the normal forty-hour workweek." Opposition at p. 13–14. That is not so. *See Stein*, 2013 WL 3809463, at *4 (concluding that fluctuation requirement was met where plaintiff's hours fluctuated between 50–55+ hours per week).[5]

---

[4] There are no facts alleged in the Complaint to support this self-serving statement about "understanding." The applicable DOL Regulations and the caselaw show that the acknowledgment establishes a clear and mutual understanding that the employee would be paid on a salary basis for hours worked. *See Stein v. Guardsmark, LLC*, No. 12-4739(JPO), 2013 WL 3809463, at *7–8 (S.D.N.Y. July 23, 2013) (collecting cases and noting that "many courts have deemed it irrelevant that an employee did not actually understand the full details of how her employer's FWW program operated.")

[5] The district court decisions cited in the Opposition are not to the contrary. Plaintiff cites one case from the Eastern District of New York and two cases from the District of Connecticut. In *O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572, 586 (S.D.N.Y. 2013), the court denied summary judgment to the employer due to a material dispute of fact as to whether plaintiff worked a fixed scheduled of "24/7" or whether her "employment involved fluctuating hours." The court did not analyze whether the plaintiff's hours must fluctuate under 40 hours in order for the fluctuating workweek to apply. *Hasan v. GPM Investments, LLC*, 896 F. Supp. 2d 145 (D. Conn. 2012) and *Costello v. Home Depot USA, Inc.*, 944 F. Supp. 2d 199, 207 (D. Conn. 2013)

8

Finally, Plaintiff alleges that he did not receive a 50% premium for his overtime hours. Like his arguments with respect to his fixed salary for fluctuating hours, there is literally no factual support for this anywhere in the Complaint or otherwise. Instead, the Opposition argues that "there were hours worked in excess of 40 during each week for which the Plaintiff did not receive the 50% overtime premium." Opposition at p. 14. Plainly, that assertion fails under *Gisomme*. And, if the issue ever becomes ripe, BBB will produce documentary evidence discrediting that statement. If there are workweeks where plaintiff worked over forty hours and allegedly did not receive a 50% premium for those hours, he must come forward and identify those weeks. Plaintiff cannot ignore the documentary evidence simply because it undercuts his allegations.

Importantly, however, none of the factual arguments made in the Opposition alter the threshold requirement imposed by *Lundy*, *DeJesus*, and *Nakahata*—Plaintiff must identify those weeks in which he alleges he was not properly compensated for all hours worked. Because he is unable to do so, the Complaint should be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant their Motion to Dismiss the Complaint along with such other and further relief as the Court deems just and proper.

Date: February 23, 2016
      New York, New York

---

are both misclassification cases. In those cases, the district courts found that the fluctuating workweek could not be used after-the-fact to calculate damages in the exempt-status misclassification context. Here, BBB used the fluctuating workweek *prospectively*. The passing reference in *Hasan* and *Costello* quoted in the Opposition hardly establishes the controlling law in the Second Circuit.

9

GREENBERG TRAURIG, LLP

/s/ Jonathan L. Sulds
Jonathan L. Sulds (suldsj@gtlaw.com)
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone (212) 801-9200
Facsimile (212) 801-6400

And

Justin F. Keith
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
keithj@gtlaw.com
Telephone: 617-310-6000
Facsimile: 617-310-6001

*Attorneys for Defendants*
*Bed Bath and Beyond Inc. and Steven*
*H. Temares*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARK LOUIE,                                           :
                                                      :
                                                      :   1:15-cv-04438
                           Plaintiff,                 :
                                                      :
         -against-                                    :
                                                      :
                                                      :
BED BATH & BEYOND, INC., and                          :
STEVEN H. TEMARES                                     :
                                                      :
                           Defendants.                :
-----------------------------------------------------------------x

## CERTIFICATE OF SERVICE

     I hereby certify that on February 23, 2016 a true copy of the above document was served upon the attorney of record for each other party through the court's ECF system.

Dated: February 23, 2016
    New York, New York

                                        Respectfully submitted,

                                        /s/ Jonathan L. Sulds
                                        Jonathan L. Sulds (suldsj@gtlaw.com)
                                        GREENBERG TRAURIG, LLP
                                        MetLife Building
                                        200 Park Avenue, 34th Floor
                                        New York, New York 10166
                                        Telephone (212) 801-9200
                                        Facsimile (212) 801-6400
                                        *Attorneys for Defendants*
                                        *Bed Bath & Beyond Inc. and Steven H. Temares*