UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARK LOUIE, individually and on
Behalf of all other employees similarly situated,

             Plaintiff,

       -against-

BED BATH AND BEYOND, INC., and
STEVEN TEMARES,

             Defendants.
-----------------------------------------------------------X
APPEARANCES:

HANG & ASSOCIATES, PLLC
By:   Keli Liu, Esq.
136-18 39th Avenue, Suite 1003
Flushing, NY 11354
Attorneys for Plaintiff

GREENBERG TAURIG, LLP
By:   Jonathan L. Sulds, Esq.
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
     - and -
GREENBERG TAURIG, LLP
By:   Justin F. Keith, Esq.
One International Place
Boston, MA 02110
Attorneys for Defendant

MEMORANDUM AND ORDER

CV 15-4438

(Wexler, J.)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 23 2016   ★

**LONG ISLAND OFFICE**

WEXLER, District Judge:

    Plaintiff Mark Louie ("Louie" or "Plaintiff") brings this action against Defendant Bed

Bath and Beyond ("BBB") and Steven Temares ("Temares"), (collectively "Defendants") for

failure to pay overtime under Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and

the New York Labor Law ("NYLL"). Plaintiff also alleges that Defendants violated the NYLL

by failing to pay "spread of hours" wages, or providing a time of hire wage notice and proper pay stubs. Finally, Plaintiff brings a claim for deceptive acts and practices under New York's General Business Law ("GBL"), § 349. Defendants move to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(6). For the reasons discussed below, Defendant's motion to dismiss is denied in part, and granted in part.

BACKGROUND

Plaintiff complaint, styled as a FLSA collective action and class under Rule 23 of the Fed. R.Civ. P., alleges that he was employed as a department manager ("DM") in two different BBB locations from November 7, 2011 until June 25, 2015. See Complaint ("Cmplt.") ¶¶ 18, 25, 27. He alleges that while working at the New Hyde Park location from November 7, 2011 until October 19, 2013, he "worked two closing shifts from 2 p, to 12 am, two opening shifts from 7 am to 5 pm and one mid shifts (sic) from 9 am until 7 p.m. Plaintiff worked 5 days per week and a minimum of 52 hours per week," and was "commonly required to stay past his shift and would work up to 62 hours per week during a busy season. On average, Plaintiff worked 55 hours per week." Complaint ("Cmplt.") ¶ 25-26.

Similarly, while working at the Westbury location from October 22, 2013 until January 25, 2015, Plaintiff alleges he worked "two closing shifts, from 2 pm until 12 a.m., two opening shifts from 7 a.m. until 5 p.m. and one mid shifts (sic) from 9 a.m. until 7 p.m. Plaintiff worked 5 days pr week and a minimum of 53 hours per week." Cmplt. ¶¶ 27-28. He alleges he worked past his shift hours "more often" at this location, and would work "64 hours per week during a busy season. On average, Plaintiff worked 57 hours per week at this location." Id., ¶ 28.

Plaintiff alleges he was paid $65,000 per year when he was first hired, and was being paid

-2-

$68,000 per year by January 2015. Defendants paid Plaintiff in accordance with their "flexible overtime" rate for hours worked above 47.5. Cmplt. ¶¶ 29-30.

DISCUSSION

I.     Standards on Motion to Dismiss

When considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of Plaintiff. Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted); see Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 58-59 (2d Cir. 2010). The plaintiff plead enough facts "to state a claim for relief that is plausible on its face." BellAtlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The "short and plain" pleading standard of Rule 8 of the Fed.R.Civ.Proc. does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678, quoting Twombley, at 555 (other citations omitted). A "formulaic recitation of cause of action's elements will not do... Factual allegations must be enough to raise a right to relief above the speculative level." Twombley, at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679.

II.     Plaintiff's Overtime Claim Under FLSA and NYLL

The issue here is whether Plaintiff's complaint sufficiently states a claim for overtime

-3-

compensation under the FLSA and NYLL. Defendants argue that Plaintiff fails to adequately allege a claim for overtime under the FLSA in accordance with the standards outlined by the Second Circuit in Lundy v. Catholic Health System of Long Island, 711 F.3d 106, 114 (2d Cir. 2013), and its progeny. In those cases, the Second Circuit affirmed the decision of the district court to dismiss a complaint containing "threadbare" allegations. See Lundy, 711 F.3d at 114 ("in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."). The Second Circuit provided further guidance in Nakahata v. New York–Presbyterian Healthcare System, Inc., 723 F.3d 192, 199 (2d Cir. 2013), finding that a plaintiff must "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."[1] Thereafter, the Court decided DeJesus v. HF Management Services, LLC, 726 F.3d 85, 89 (2d Cir. 2013), cert. denied, 134 S.Ct. 918 (2014), and affirmed the dismissal of a complaint where plaintiff merely "rephras[ed] the FLSA's formulation specifically set forth" in the statute.

Since those cases, various district courts have denied motions to dismiss where the allegations have provided sufficient detail of regularly working forty hours a week, and some uncompensated specified overtime work beyond that. See Leon v. Port Washington Union Free School Dist., 49 F.Supp.3d 353, 357 (E.D.N.Y. 2014) (listing cases).

The Court here finds that Plaintiff's complaint sufficiently states a claim for an overtime violation under the FLSA and NYLL. Plaintiff's complaint details the shift hours and typical

---

[1] The Second Circuit noted that this "context-specific task" may lead a court to "find that an approximation of overtime hours worked may help draw a plaintiff's claim closer to plausibility." Id., at 201, n.10 (quoting Lundy, 711 F.3d at 114 & n.7).

-4-

hours worked in a given week, which total over forty, during the course of specified periods of time at the two locations where he worked. Cmplt. ¶¶ 25-28. The Court finds a "plausible" claim for overtime has been stated, and denies Defendants' motion to dismiss those claims. See Medoza v. Little Luke, Inc., No. 14-CV-3416 (JS)(GRB), 2015 WL 998215, at *5 (E.D.N.Y. March 6, 2015) (reviewing Lundy, Nakahata and DeJesus, and denying motion to dismiss where, "in sharp contrast [to those cases], the Amended Complaint here approximates each Plaintiff's weekly hours at various points of his employment along with specific start and end times for each day of work.")

III.    Plaintiff's Notice Claims Under NYLL

        A.  Time of Hire Wage Notice

        Plaintiff's complaint alleges that Defendants violated NYLL § 195-1(a) by failing to provide a time of hire wage notice. Cmplt, ¶ 75-78, Count IV. In support of their motion, Defendants argue that Plaintiff got the notices required, and submits copies of those notices, signed ad acknowledged by Plaintiff annually.  See Declaration of Judith Cohen ("Cohen Dec."), Exhibits ("Exs.") B, C, D, E.

        When considering a motion to dismiss, the Court may consider all documents upon which the complaint heavily relies or is "integral" to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002). Plaintiff does not dispute the veracity or authenticity of the documents, but does dispute their consideration at this time in the litigation. The Court agrees, and declines to consider them as "integral" to the complaint, finding they are more appropriately considered at a later summary judgment motion. Considering the allegations of the complaint, and accepting them as true as the Court must, the Court finds Plaintiff has sufficiently

alleged a claim for failure to provide notices under NYLL 195-1(a).  Defendants' motion to

dismiss this claim is denied.  See Gregory v. Stewart's Shops Corp., 2015 WL 893058, at *9

(N.D.N.Y. March 2, 2015) (even where defendant submits purported notice, motion to dismiss

notice claim denied where review limited to the allegations of the complaint and plaintiff denies

receiving the notice.)

        B.    Proper Pay Stub

Plaintiff alleges in Count V that Defendants violated NYLL § 195-1(d) by failing to

provide a detailed pay stub.  In support of their motion to dismiss this claim, Defendants assert

the proper pay stub was provided to Plaintiff, and submits a copy of a document claiming to

explain the pay stub.  See Cohen Dec., Ex. F.  For the same reasons stated above in connection

with Plaintiff's claim under NYLL § 195-1(d), the Court finds that Plaintiff's allegations are

sufficient, and denies Defendants' motion to dismiss this claim.

IV.    Plaintiff's Claims for "Spread of Hours" Pay, GBL § 349 and Against Temares

Defendants also move to dismiss: (1)  Plaintiff's claim for "spread of hours" pay, arguing

that claim does not apply when a plaintiff is paid more than minium wage; (2) Plaintiff's claim

for deceptive acts and practices in violation of the NY GBL, § 349, since Plaintiff does not sue as

a "consumer;" and (3) Plaintiff's claims against Defendant Temares, arguing he is not an

"employer" under the FLSA, and is not liable under NY Business Corporation Law since BBB is

publically traded.  Plaintiff does not oppose any of these arguments and therefore the Court

deems those claims abandoned, and grants Defendants' motion to dismiss.  See Gorfinkel v. Ralf

Vayntrub Invar Consulting LTD., No. 13-CV-3093 (PKC), 2014 WL 4175914, at *4 (E.D.N.Y.

Aug. 20, 2014); Dineen v. Stramka, 228 F.Supp.2d 447, 454 (S.D.N.Y. 2002) (failure to oppose

enables Court to deem them abandoned).

CONCLUSION

For the reasons stated above, the Court hereby denies Defendants' motion to dismiss Plaintiff's claims for overtime under the FLSA and NYLL (Counts I and II), and the failure to provide notices as required by NYLL (Counts IV and V); and grants Defendants' motion to dismiss the "spread of hours" claim (Count III), the deceptive acts or practices claim under NY GBL (Count VI), and the claims against Defendant Temares.

SO ORDERED.

s/ Leonard D.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       June 23, 2016