UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
: 
MARK LOUIE :
:
:
– against – : 2:15-cv-04438-LDW-AYS
:
BED BATH AND BEYOND INC., et al. :
:
------------------------------------------------------------ x

# ANSWER AND AFFIRMATIVE DEFENSES

Defendant Bed Bath & Beyond Inc. ("Defendant")[1], by and through its undersigned counsel, hereby answer the Complaint herein as follows:

## Introduction

1. Defendant states that this introductory paragraph describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies such allegations.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant states that paragraph 4 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph

---

[1] All counts against Steven Temares were dismissed pursuant to the Court's Memorandum and Order dated June 23, 2016.

contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant states that paragraph 5 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 5 of the Complaint.

## Jurisdiction and Venue

6. Defendant states that paragraph 6 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant states that paragraph 7 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 7 of the Complaint.

## Plaintiff

8. Defendant states that Plaintiff Louie was employed by Defendant and worked at Defendant's store located at 1490 Union Turnpike, New Hyde Park, NY 11040 from November 7, 2011 until October 20, 2013. Further answering,

Defendant states that Plaintiff Louie participated in Management Development Training in Westbury, NY during the weeks of November 7 and November 14, 2011. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant states that Plaintiff Louie was employed by Defendant and worked at Defendant's store located at 950 Merchants Concourse, Westbury NY 11590 from on or about October 21, 2013 until June 25, 2015. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 9 of the Complaint.

## Defendants

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of the Complaint were dismissed pursuant to the Court's Memorandum and Order dated June 23, 2016.

13. Defendant states that paragraph 13 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. The allegations contained in paragraph 14 are vague and ambiguous, such that no response is required. To the extent this paragraph contains any factual

3

allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

## Statement of Facts

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff performed some of the duties listed in paragraph 19 of the Complaint, but denies that he "regularly" performed said duties.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

## Collective Action Allegations

38. Defendant states that paragraph 38 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

## Class Action Allegations

51. Defendant states that paragraph 51 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

## Statement of Claim

### Count I
### [Violations of the Fair Labor Standards Act – Overtime Wage Brought on Behalf of the Plaintiff and the FSLA Collective]

59. Defendant incorporates by reference its responses to paragraphs 1–58.

60. Defendant states that paragraph 60 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant states that paragraph 61 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant states that paragraph 64 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

## Count II
### [Violation of New York Labor Law – Overtime Pay Brought on Behalf of Plaintiff and the Rule 23 Class]

67. Defendant incorporates by reference its responses to paragraphs 1–66.

68. Defendant states that paragraph 68 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph

contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

## Count III
### [Violation of New York Labor Law – Spread of Time Pay Brought on Behalf of Plaintiff and the Rule 23 Class]

71. Defendant incorporates by reference its responses to paragraphs 1–70.

72. The allegations in paragraph 72 of the Complaint were dismissed pursuant to the Court's Memorandum and Order dated June 23, 2016.

73. The allegations in paragraph 73 of the Complaint were dismissed pursuant to the Court's Memorandum and Order dated June 23, 2016.

## Count IV
### [Violation of New York Labor Law-Time of Hire Wage Notice Requirement]

74. Defendant incorporates by reference its responses to paragraphs 1–73.

75. Defendant states that paragraph 75 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

## Count V
### [Violation of New York Labor Law – New York Pay Stub Requirement]

79. Defendant incorporates by reference its responses to paragraphs 1–78.

80. Defendant states that paragraph 80 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

## Count VI
### [Civil Damages for Deceptive Acts and Practices – Violations of New York General Business Law §349 Brought on Behalf of the Plaintiff]

83. Defendant incorporates by reference its responses to paragraphs 1–82.

84. The allegations in paragraph 84 of the Complaint were dismissed pursuant to the Court's Memorandum and Order dated June 23, 2016.

85. The allegations in paragraph 85 of the Complaint were dismissed pursuant to the Court's Memorandum and Order dated June 23, 2016.

86. The allegations in paragraph 86 of the Complaint were dismissed pursuant to the Court's Memorandum and Order dated June 23, 2016.

## Prayer for Relief

Defendant states that the remaining paragraphs of the Complaint set forth prayers for relief, not allegations of fact, such that no response is required. To the extent these paragraphs contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies such allegations.

## First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendant has complied with all applicable statutes and regulations, including without limitation the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the New York Labor Law Article 19, §§ 650 *et seq.*

## Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendant had reasonable grounds to believe in good faith that it was not violating the FLSA or the NYLL.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendant's alleged violations or actions were not intentional or willful.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiffs were properly compensated pursuant to the NYLL, the FLSA, and applicable regulations, including but not limited to 29 C.F.R. §778.114.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiffs lack standing and/or are not "similarly situated" to any of the putative class members.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, and avoidable consequences.

### Ninth Affirmative Defense

Plaintiff's claims are not suited for class or collective status, because Plaintiff lacks adequate class or collective action counsel.

**Tenth Affirmative Defense**

Plaintiff's claims are not suited for class or collective status, because Plaintiff cannot adequately represent the putative class or collective group.

Dated: July 8, 2016

Respectfully submitted,

BED BATH & BEYOND INC.

/s/ Jonathan L. Sulds
Jonathan L. Sulds
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Telephone: 212.801.9200
Fax: 212.801.6400
suldsj@gtlaw.com

And

/s/ Justin F. Keith
Justin F. Keith
Greenberg Traurig
One International Place
Boston, MA 02110
Telephone: 617.310.6230
Fax: 617.897.0930
keithj@gtlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

MARK LOUIE

        – against –   :   2:15-cv-04438-LDW-AYS

BED BATH AND BEYOND, INC. et al.

---------------------------------------------------------------- x

## CERTIFICATE OF SERVICE

    I hereby certify that on July 8, 2016 a true copy of the above document was served upon the attorney of record for each other party by ECF filing.

Dated:  July 8, 2016

      New York, New York

               Respectfully submitted,

               /s/ Justin F. Keith
               Justin F. Keith
               Greenberg Traurig
               One International Place
               Boston, MA 02110
               Telephone: 617.310.6230
               Fax: 617.897.0930
               keithj@gtlaw.com

               *Attorneys for Defendant*
               *Bed Bath & Beyond Inc.*