

Jonathan L. Sulds
Tel 212.801.6882
Fax 212.309.9582
suldsj@gtlaw.com

August 26, 2016

**VIA ELECTRONIC FILING**

Honorable Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

    Re:  *Mark Louie v. Bed Bath and Beyond, Inc. et al.*, No. 1:15-cv-04438

Dear Judge Shields:

    Defendant Bed Bath and Beyond Inc. and Plaintiffs Mark Louie, Lenard Bottenbley Young, and Rory Campbell jointly request that Your Honor approve the settlement reached in this matter during the parties' settlement conference on August 2, 2016 and dismiss this case with prejudice for the reasons discussed at the August 2, 2016 settlement conference. A copy of the signed settlement agreement is attached as Exhibit A.

                          Respectfully submitted,

                          /s/ Jonathan L. Sulds
                          Jonathan L. Sulds

cc:    Jian Hian, Esq. (via ecf)

# Exhibit A

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement ("Agreement") is made by and between Mark Louie ("Louie"), Lenard Bottenbley Young ("Young"), Rory Campbell ("Campbell") collectively ("Plaintiffs"), and Bed Bath & Beyond Inc. ("BBB").

WHEREAS on July 29, 2015, Louie filed a lawsuit in the United States District Court for the Eastern District of New York entitled Mark Louie v. Bed Bath & Beyond Inc., et al., 15-CV-04438 ("the Lawsuit"); and

WHEREAS Young filed an opt-in consent to join the Lawsuit on March 25, 2016; and

WHEREAS Campbell filed an opt-in consent to join the Lawsuit on July 29, 2016; and

WHEREAS the complaint in the Lawsuit alleges certain violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") as well as the New York Labor Law ("NYLL"); and

WHEREAS the parties, though their counsel have since the filing of the lawsuit engaged in numerous discussions, including sharing of relevant information on a voluntary basis and pursuant to Magistrate Judge Shields' March 30, 2016 Order in FLSA Case Requiring Discovery and Setting Initial Pretrial Schedule, with respect to all claims set forth in the Lawsuit; and

WHEREAS the parties engaged in in-person settlement discussions in New York, NY on June 7, 2016; and

WHEREAS the parties participated in a Settlement Conference before Magistrate Judge Shields on August 2, 2016 where they reached an agreement to resolve this matter; and

WHEREAS BBB expressly denies any and all allegations made or which could have been made in the Lawsuit, and also expressly denies that it violated any law, statute, contract, rule, policy or duty owed Plaintiffs or engaged in any conduct that was wrong or improper and

contends that it has complied with all state, local and federal laws, rules and regulations and any other obligations, including FLSA and NYLL, as it or they relate to the employment of Plaintiffs or any similarly situated individual; and

WHEREAS as a result of counsel discussions it appears there exists a bona fide dispute between the parties regarding the amount of compensation alleged to be due; and

WHEREAS the Plaintiffs and BBB desire to avoid the cost and expense of further legal proceedings and to settle and resolve all existing and potential disputes, actions, lawsuits, complaints, charges, and claims of any nature or description the Plaintiffs currently have, had or currently could have against BBB or its current or former employees, without any admission of liability or wrongdoing by BBB or any of BBB's current or former employees, and without any party being a prevailing party for any purposes in the Lawsuit, with respect to claims asserted in the Lawsuit or otherwise.

Now therefore in consideration of the mutual covenants set forth herein, the Plaintiffs and BBB hereby agree as follows:

1. Plaintiffs will withdraw with prejudice the Lawsuit and hereby direct their counsel of record in the Lawsuit to withdraw the Lawsuit with prejudice and execute a stipulation of Dismissal with Prejudice in the form attached as Exhibit 1 to be filed with the Court along with this Agreement.

2. BBB shall pay the Plaintiffs a total of $200,000. This shall be payable as follows:

(a) a payment by BBB check made out to Louie in the gross amount of $42,109 (from which shall be deducted all applicable taxes and withholdings) to be reported on IRS Form W-2 in full and final settlement of any and all claims Louie currently has, had or currently could have had arising out of or in connection with his employment by BBB, including

without limitation any and all claims relating in any way to the manner, method, amount, calculation, or timing of payment of any wage, tip, or other compensation owed or claimed to be owed to Louie on account of or in connection with his employment with BBB;

   (b) a payment by BBB check made out to Young in the gross amount of $55,407 (from which shall be deducted all applicable taxes and withholdings) to be reported on IRS Form W-2 in full and final settlement of any and all claims Young currently has, had or currently could have had arising out of or in connection with his employment by BBB, including without limitation any and all claims relating in any way to the manner, method, amount, calculation, or timing of payment of any wage, tip, or other compensation owed or claimed to be owed to Young on account of or in connection with his employment with BBB;

   (c) a payment by BBB check made out to Campbell in the gross amount of $35,817 (from which shall be deducted all applicable taxes and withholdings) to be reported on IRS Form W-2 in full and final settlement of any and all claims Campbell currently has, had or currently could have had arising out of or in connection with his employment by BBB, including without limitation any and all claims relating in any way to the manner, method, amount, calculation, or timing of payment of any wage, tip, or other compensation owed or claimed to be owed to Campbell on account of or in connection with his employment with BBB;

   (d) a payment by BBB check made out to Hang & Associates, PLLC as attorneys for the Plaintiffs in the amount of $66,667 for which a form 1099 shall be issued to Hang & Associates, PLLC, (which shall supply the Company a completed Form W-9 by August 31, 2016), in full and final settlement of any and all attorneys' fees the Plaintiffs currently have, had or currently could have had against BBB; and

(e) All such payments to be sent by BBB to Hang & Associates within fifteen (15) days of the Effective Date of this Agreement, as defined in Paragraph 18.

3. The Parties agree that each is responsible for its or his own tax reporting and filing with the appropriate authorities, and that the Plaintiffs are solely responsible for any and all tax liabilities and payment of taxes due as a consequence of these payments to them under this Agreement. In the event that the Plaintiffs fail to pay such taxes owed by them, and as a result the IRS or any other federal, state, or local taxing authority (collectively, "Taxing Authorities") seek to hold BBB liable for payment of such taxes, including any penalties and interest, the Plaintiffs agree to indemnify and hold harmless BBB from and against any such liability.

4. Further, the Plaintiffs expressly indemnify and hold BBB harmless with respect to any tax liabilities or penalties imposed on them or BBB by the Taxing Authorities associated with the payments pursuant to Paragraph 2, it being understood and agreed that BBB will follow its normal procedures with respect to any tax reporting obligations arising out of or in connection with this Agreement.

5. The Plaintiffs understand and agree that they are receiving compensation, payments and/or benefits and agreements under this Agreement that are in excess of those to which they are now entitled from BBB and BBB Releasees (as defined in Paragraph 7), and that such compensation, payments and benefits are being provided to them in consideration of their acceptance and execution of, and in reliance upon their representations in, this Agreement. The Plaintiffs acknowledge that such consideration is adequate and satisfactory to them.

6. Except for the payments and benefits provided for in Paragraph 2, the Plaintiffs acknowledge and agree that through and including the Effective Date of this Agreement as defined in Paragraph 18 that they are entitled to no other compensation, payments, or benefits

from BBB of any kind or nature whatsoever, including, without limitation, for salary, tips, severance pay, fringe benefits, vacation pay, bonuses, incentive compensation, sick pay, insurance, disability insurance, medical benefits, paid or unpaid leave, or any other allowance.

7. (a) In further consideration of the covenants undertaken herein by BBB, including, without limitation, the payments described in Paragraph 2, the Plaintiffs, each individually and collectively, hereby waive, release and forever discharge BBB, including its predecessors, parent, subsidiaries, affiliates, and related companies, and all of its and their respective past and present employees, directors, officers (including without limitation Steven Temares), shareholders, attorneys, representatives, insurers, agents, successors, and assigns (individually and collectively "BBB Releasees") from and with respect to any and all legally waivable claims, grievances, injuries, controversies, agreements, covenants, promises, debts, accounts, actions, causes of action, suits, arbitrations, sums of money, attorneys' fees, costs, damages, or any right to any monetary recovery or any other personal relief, whether known or unknown, in law or in equity, by contract, tort or pursuant to federal, state or local statute, regulation, ordinance or common law, which the Plaintiffs now have, ever had, or now could have, based upon or arising from any fact or set of facts, whether known or unknown to the Plaintiffs, from the beginning of time until the Effective Date of this Agreement, as defined in Paragraph 18. Without limiting the generality of the foregoing, this waiver, release, and discharge includes any claim or right asserted or which could have been asserted in the Lawsuit and/or based upon or arising under any federal, state or local fair employment practices, equal opportunity, or wage and hour laws, including, but not limited to, Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, the New York City Human Rights Law, the Americans with Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C.

Section 1981, the Equal Pay Act, the Fair Labor Standards Act, the National Labor Relations Act, the New York Labor Law, and the Employee Retirement Income Security Act, including all amendments thereto.

(b) Notwithstanding the generality of the foregoing, nothing herein constitutes a release or waiver by the Plaintiffs of: (i) any claim or right that may arise after the Effective Date of this Agreement, as defined in Paragraph 18; or (ii) any claim or right the Plaintiffs may have under this Agreement.

(c) Plaintiffs represent and affirm that (i) except for the Lawsuit, they have not commenced, maintained, prosecuted, or participated in any complaint, claim or action against BBB and/or the BBB Releasees, in any court or before any administrative, investigative or arbitral body or agency, (ii) that to the best of the Plaintiffs' knowledge and beliefs, there is no outstanding claim or demand for relief against BBB and/or the BBB Releasees by the Plaintiffs or any person, organization, or entity acting on Plaintiffs' behalf, and (iii) that the Plaintiffs will not in the future commence, maintain, prosecute or participate in any complaint, claim of any nature or description or action, arising out of or relating in any way to their employment relationship with BBB against BBB or any BBB Releasee, through the Effective Date of the Agreement as defined in Paragraph 18 in any court or before any administrative, investigative or arbitratial body or agency.

(d) Notwithstanding the foregoing, this Agreement (i) does not extend to those rights which as a matter of law cannot be waived; and (ii) does not limit the right to file a charge with federal, local, or state governmental agencies ("Government Agencies"), or participate in an investigation or proceeding that may be conducted by any Government Agencies (but the Plaintiffs do, pursuant to this Agreement, waive the right to obtain any

6

monetary damages resulting from any action or proceeding that may be brought by any state or federal agency). This Agreement does not limit Plaintiffs' ability to communicate with the Securities and Exchange Commission (SEC) or otherwise participate in any investigation or proceeding that may be conducted by the SEC, including providing documents or other information, without notice to the Company. This Agreement does not limit Plaintiffs' right to receive an award for information provided to the SEC.

(e) Nothing in this Agreement in intended to restrict Plaintiffs' from exercising rights under the Defend Trade Secrets Act of 2016, which provides that an individual shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that is made: (1) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney, and solely for the purpose of reporting or investigating a suspected violation of law; or (2) in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

8. Neither this Agreement, nor anything contained in it, shall constitute or shall be used as an admission by BBB or any BBB Releasee or as evidence of any liability or wrongdoing whatsoever. Neither this Agreement, nor anything contained in it, shall be introduced in any proceeding in any forum of any nature or description except to enforce this Agreement or to defend against any claim relating to the subject matter of the releases contained herein or as required by court order, subpoena, or other legal process. Such introduction under these exceptions shall be pursuant to an appropriate order protecting its confidentiality.

9. Plaintiffs hereby agree that they will not seek further employment or other working relationship with BBB, the BBB Releasees, or any of their affiliates, and further agree that BBB, the BBB Releasees, and their affiliates have no obligation, contractual or otherwise, to

rehire or reemploy Plaintiffs in the future. Plaintiffs further agree that, if they obtain employment or other working relationship with BBB, the BBB Releasees, or any of their affiliates, they may be terminated immediately and without any liability. Plaintiffs agree that their forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory.

10. Plaintiffs agree that they will not engage in any conduct that is injurious to the BBB Releasees' reputation and interest, including but not limited to, disparaging, inducing or encouraging others to disparage or bring claims against the BBB Releasees, or making or causing to be made any statement that is critical of or otherwise maligns the business reputation of the BBB Releasees. BBB agrees to direct its officers who have knowledge of this Agreement not to make any statements, orally or in writing, that disparage Plaintiffs. Nothing in this Agreement shall prohibit any party from making truthful statements.

11. The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws.

12. This Agreement constitutes and contains the entire agreement and understanding between the Plaintiffs and BBB concerning the subject matters addressed herein and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. This is an integrated document.

13. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic and facsimiled copies of such signed counterparts may be used in lieu of the originals for any purpose.

14. If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end, the provisions of this Agreement are declared to be severable, provided, however, that if the release provided for in Paragraph 7 or any part thereof is declared or adjudged invalid or unenforceable for any reason, as a result of any challenge to its validity or enforceability initiated or maintained by or participated in by the Plaintiffs, (or anyone acting for or on their behalf) the entire Agreement shall be a nullity and all consideration provided in this Agreement shall be repaid by the Plaintiffs to BBB, and provided further that if the Release provided for in Paragraph 7 is declared or adjudged invalid or unenforceable for any reason, as a result of any challenge to its validity or enforceability not initiated or maintained or participated in by the Plaintiffs or anyone acting on their behalf, the entire Agreement shall be a nullity and BBB may pursue a claim against the Plaintiffs for repayment of the consideration provided in this Agreement.

15. Each party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction or interpretation of this Agreement, the same shall not be construed against any party on the basis that the party was the drafter.

16. This Agreement cannot be modified except in writing signed by all parties.

17. Plaintiffs hereby acknowledge:

(a) They have been advised to consult with an attorney before signing this Agreement;

(b) They have obtained independent legal advice from an attorney of their choice with respect to this Agreement, or have knowingly and voluntarily chosen not to do so;

9

  (c) They freely, voluntarily, and knowingly entered into this Agreement after due consideration;

  (d) They have had a minimum of twenty-one (21) days to review and consider this Agreement;

  (e) They have a right to revoke this Agreement by notifying Jonathan L. Sulds, Greenberg Traurig, 200 Park Avenue, New York, New York 10166 in writing within seven (7) calendar days of their execution of this Agreement; and

  (f) In exchange for their waivers, releases and commitments set forth herein, including their waiver and release of all claims arising under the Age Discrimination in Employment Act, the payments, benefits and other considerations that they are receiving pursuant to this Agreement exceed any payment, benefit or other thing of value to which they would otherwise be entitled, and are just and sufficient consideration for the waivers, releases, and commitments set forth herein.

  18. Following the expiration of the seven (7) day revocation period provided for in Paragraph 17(e) above, and provided that none of the Plaintiffs have revoked the Agreement, the parties shall file this Agreement with the Court. This Agreement shall become effective upon the issuance of an Order fully, finally, and unconditionally (1) approving this Agreement; (2) extinguishing claims against the BBB Releasees; and (3) dismissing the Lawsuit with prejudice (the "Effective Date").

  19. This Agreement and Release shall inure to the benefit of and shall be binding upon BBB, its successors and assigns, and any entity with which BBB may merge or consolidate or to which BBB may sell all or substantially all its assets. Plaintiffs agree that they may not sell or otherwise assign rights, obligations or benefits under this Agreement and any attempt to do so

shall be void; Plaintiffs further covenants and agree that they have not assigned or otherwise transferred any claim released in this Agreement, in whole or party, to any person or entity.

20. Plaintiffs each and all agree(s) that he and/or they shall not solicit current or former employees of BBB to pursue claims against BBB, or its affiliated companies. Notwithstanding the foregoing, nothing herein shall prevent Plaintiffs' Counsel's ability to represent current or former BBB employees who contact Plaintiffs' Counsel on their own to pursue claims against BBB. Plaintiffs' Counsel represents and warrants that neither the firm nor any attorneys affiliated with the firm (individually, together, or in conjunction with other attorneys) currently represent any other employee or former employee of BBB in connection with an employment-related issue against BBB.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the dates set for below.

_____  
Mark Louie

Date: 8/22/16

_____  
Lenard Bottenbly Young

Date: 8/22/16

_____  
Rory Campbell

Date: 8/22/16

BED BATH & BEYOND INC.

By: _____  
Name: Allan Rauch  
Title: VP- Legal and General Counsel

Date: August 25, 2016

HANG & ASSOCIATES, PLLC  
*Attorneys for Plaintiffs*

By: _____  
Name: Jian Hang  
Title:

Date: August 20, 2016

12

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
MARK LOUIE                                                       :
                                                                 :
                        - against –                              :    2:15-cv-04438-LDW-AYS
                                                                 :
BED BATH AND BEYOND INC., et al.                                 :
                                                                 :
---------------------------------------------------------------- x

## STIPULATION OF DISMISSAL WITH PREJUDICE

PLEASE TAKE NOTICE that by their attorneys the parties, Plaintiff Mark Louie and opt-in plaintiffs Lenard Bottenbley Young and Rory Campbell, and Defendant Bed Bath and Beyond Inc., hereby stipulate to the dismissal of the above-captioned adversarial proceeding with prejudice and without costs pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Dated: August 2_, 2016
       New York, NY

By: _____          By: _____
Jonathan L. Sulds                    Jian Hian, Esq.
GREENBERG TRAURIG, LLP               Keli Liu, Esq.
200 Park Avenue                      HANG & ASSOCIATES, PLLC
New York, New York  101666           136-18 39th Avenue, Suite 1003
(212) 801-9200                       Flushing, New York  11354
*Attorneys for Defendant*            (718) 353-8588
                                     *Attorneys for Plaintiffs*

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
MARK LOUIE                                                   :
                                                             :
                – against –                                  :   2:15-cv-04438-LDW-AYS
                                                             :
BED BATH AND BEYOND, INC., et al.                            :
                                                             :
------------------------------------------------------------ x

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 26, 2016 a true copy of the above document was served upon the attorney of record for each other party by ECF filing.

Dated:  August 26, 2016

    New York, New York

                                        Respectfully submitted,

                                        /s/ Jonathan L. Sulds
                                        Jonathan L. Sulds (suldsj@gtlaw.com)
                                        GREENBERG TRAURIG, LLP
                                        MetLife Building
                                        200 Park Avenue, 34th Floor
                                        New York, New York 10166
                                        Telephone (212) 801-9200
                                        Facsimile (212) 801-6400
                                        *Attorneys for Defendants*
                                        *Bed Bath & Beyond Inc. and Steven H. Temares*

*NY 246058576v1*